693 S.E.2d 1

**SHIRLEY'S IRON WORKS, INC., and
Tindall Corporation, Appellants,**

v.

**CITY OF UNION, South Carolina, Gilbert Group,
LLC and William E. Gilbert, Respondents.**

No. 4637.

Court of Appeals of South Carolina.

Submitted Oct. 1, 2009.

Decided Dec. 9, 2009.

Withdrawn, Substituted, and Refiled Feb. 11, 2010.

Rehearing Denied May 20, 2010.

---

390

Boyd Benjamin Nicholson, of Greenville; N. Ward Lambert, and R. Patrick Smith, of Greenville; all for Appellants.

Andrew F. Lindemann, of Columbia; Gilbert Bagnell, of Columbia; William E. Whitney, Jr., of Union; all for Respondents.

WILLIAMS, J.

In this case, we must determine whether the circuit court erred in granting summary judgment in favor of the City of Union (the City) as to Shirley's Iron Works, Inc. and Tindall Corporation's (Appellants) claims. We affirm as modified.

## FACTS/PROCEDURAL HISTORY

In 2000, the South Carolina Legislature enacted the Subcontractors' and Suppliers' Payment Protection Act (SPPA). S.C.Code Ann. §§ 29–6–210 to –290 (Supp.2008). The SPPA states, in pertinent part:

(1) When a governmental body is a party to a contract to improve real property, and the contract is for a sum in excess of fifty thousand dollars, the owner of the property *shall require the contractor to provide a labor and material payment bond* in the full amount of the contract.

. . .

(3) For the purposes of any contract covered by the provisions of this section, it is the *duty* of the entity contracting for the improvement *to take reasonable steps to assure that the appropriate payment bond is issued* and is in proper form.

(4) "governmental body" means . . . all local political subdivisions.

S.C.Code Ann. § 29–6–250 (Supp.2008) (emphasis added).

On or about February 26, 2002, the City issued a request to general contractors for proposals for the design and construction of a building (the Project). The City chose the proposal of Gilbert Group, LLC (Gilbert). On June 4, 2002, the City and Gilbert entered into a general contract (the Contract) to build the Project. The total value of the Contract was approximately $875,000. Gilbert, in turn, entered into various subcontracts, including agreements with Shirley's Iron Works, Inc. and Tindall Corporation (collectively the Appellants). However, the City did not require Gilbert to furnish a payment bond for the Contract. The Appellants claim they performed their work under their subcontracts, but Gilbert has still not paid them in full.

On June 11, 2003, the Appellants filed a complaint against the City in which they alleged the City failed to obtain a payment bond from Gilbert as required by section 29–6–250. In response, the City filed an answer and third-party complaint on July 15, 2003. In its answer, the City denied the allegations in the complaint and presented a third-party complaint against Gilbert and William E. Gilbert[1] for breach of contract, breach of contract accompanied by a fraudulent act, negligence, and fraud.

In an order dated April 19, 2004, Judge Paul E. Short granted the City's motion to redesignate Gilbert and William

---

1. William E. Gilbert is the sole proprietor of Gilbert Group, LLC.

E. Gilbert as defendants because they, along with the City, were "joint tortfeasors whose alleged acts combined and concurred to cause the harm for which the Plaintiffs seek to recover." In the order, the circuit court held, "the Plaintiffs' cause of action against the City sounds in tort," and was, therefore, "necessarily brought pursuant to the South Carolina Tort Claims Act...." (SCTCA). That same day, the circuit court granted the City's motion to strike the Appellants' prayer for recovery of attorneys' fees. In that order, Judge Short again held the Appellants had alleged a cause of action that sounded in tort. The Appellants did not appeal either of these holdings.

On August 17, 2005, the Appellants filed an amended complaint against the City, Gilbert, and William E. Gilbert. In the amended complaint, the Appellants alleged Gilbert had failed to pay all the monies owed to them under their respective contracts. They also alleged the City failed to secure a payment bond from Gilbert, as required by section 29–6–250. The Appellants asserted causes of action for violation of section 29–6–250, violation of section 27–1–15 of the South Carolina Code, negligence, quantum meruit, and attorneys' fees. The Appellants also alleged for the first time in the amended complaint they were third-party beneficiaries of the Contract because the bonding requirements of section 29–6–250 are "legislatively mandated contractual obligations" that were incorporated into the Contract by operation of law.

Both parties moved for summary judgment, and the circuit court heard the motions on January 23, 2006. After the hearing, but before the circuit court ruled on the motions, this court issued its opinion in *Sloan Constr. Co. v. Southco Grassing, Inc.*, 368 S.C. 523, 629 S.E.2d 372 (Ct.App.2006) on April 24, 2006. In that case, this court held South Carolina Code sections 29–6–250 and 57–5–1660(a)(2) do not provide a subcontractor a private right of action against a governmental entity for failure to ensure a contractor is properly bonded. *Id.* In light of this court's holding in *Sloan Construction*, the circuit court granted summary judgment in favor of the City as to the Appellants' tort, third-party beneficiary breach of contract,[2] and quantum meruit claims on September 24, 2007.

2. In granting summary judgment, the circuit court did not specifically rule as to whether Appellants had properly raised a third-party benefi-

On March 24, 2008, however, our supreme court reversed this court's holding in *Sloan Construction. See Sloan Constr. Co. v. Southco Grassing, Inc.*, 377 S.C. 108, 113, 659 S.E.2d 158, 161 (2008). While acknowledging "the SPPA does not expressly provide for a right of action between the subcontractor and the contracting government body," the Supreme Court nevertheless held an implied right of action for subcontractors exists under the SPPA because the Legislature "must have intended for [suppliers and subcontractors] to be able to vindicate their rights under a statute enacted for their special benefit." *Id.* at 114–16, 659 S.E.2d at 162.

In a footnote, however, the supreme court held although it did not agree with this court's analysis of the SPPA, it nevertheless agreed:

"[A] claim for failure to enforce the bonding requirements of the SPPA is *not properly brought pursuant to the [ (SCTCA) ]* because the [SCTCA] does not act as a waiver of sovereign immunity when a governmental entity fails to enforce a statute. [citations omitted]. Therefore, *the [SCTCA] is not relevant* to the government's liability for failure to comply with a duty under the SPPA."

*Id.* at 118 n. 5, 659 S.E.2d at 164 n. 5 (citing S.C.Code Ann. § 15–78–60(4) (2005)) (emphasis added).

The supreme court further held the government's failure to comply with the SPPA's bond requirements also gives rise to a third-party beneficiary breach of contract claim by the subcontractor against the government entity. *Id.* at 118, 659 S.E.2d at 164. In arriving at this conclusion, the Court adopted the reasoning of the seventh circuit in *A.E.I. Music Network v. Bus. Computers, Inc.*, 290 F.3d 952 (7th Cir.2002). At issue in that case was whether the bond requirement of the Illinois Bond Act gave rise to a third-party beneficiary breach of contract action against a public entity for failing to acquire bonds from contractors on public construction contracts. *Id.* at 953–54. The Illinois court held whereas the existence of a direct third-party beneficiary to a contract is normally deter-

ciary breach of contract claim in their amended complaint. The circuit court held, "[T]o the extent the amended complaint may be construed as alleging a third-party beneficiary breach of contract claim, the Court finds that such claim must be dismissed . . . ."

mined by the intentions of the actual contracting parties, the relevant intentions in cases falling under the Illinois Bond Act were those of the Illinois Legislature alone. *Id.* at 955–56. Thus, because the Illinois Legislature intended the bond requirement term in the Illinois Bond Act to protect subcontractors, the bond requirement became a term in every construction contract involving a public entity. *Id.* at 955. In view of *A.E.I. Music,* our supreme court concluded because our Legislature intended the SPPA to bestow a special benefit to subcontractors, the bond requirements of the SPPA are, therefore, incorporated into all construction contracts governed by the SPPA. *Sloan Constr.,* 377 S.C. at 120, 659 S.E.2d at 165.

Finally, having found section 29–6–250 gave rise to a private right of action against the government, the court held the government's liability for failure to comply with the SPPA's bonding requirements was not open-ended. *Id.* at 121, 659 S.E.2d at 165. Rather, the government's liability would be limited to the remaining balance on the contract with the general contractor when the subcontractor notifies the government of the general contractor's non-payment. *Id.* at 121, 659 S.E.2d at 165–66.

In light of our supreme court's decision in *Sloan Construction,* the Appellants argue the circuit court erred in granting the City's motion for summary judgment as to its claims in tort, breach of contract, quantum meruit, and violation of section 27–1–15. This appeal followed.

## LAW/ANALYSIS

### I. Standard of Review

 "An appellate court reviews the granting of summary judgment under the same standard applied by the trial court under Rule 56(c), SCRCP." *Bovain v. Canal Ins.,* 383 S.C. 100, 105, 678 S.E.2d 422, 424 (2009). Rule 56(c), SCRCP, provides that a trial court may grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (quoting Rule 56(c), SCRCP). "In deter-

mining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party." *Hancock v. Mid–South Mgmt. Co., Inc.,* 381 S.C. 326, 329–30, 673 S.E.2d 801, 802 (2009). "At the summary judgment stage of litigation, the court does not weigh conflicting evidence with respect to a disputed material fact." *S.C. Prop. & Cas. Guar. Ass'n v. Yensen,* 345 S.C. 512, 518, 548 S.E.2d 880, 883 (Ct.App.2001). "[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment." *Hancock,* 381 S.C. at 330, 673 S.E.2d at 803.

## II. Motions for Summary Judgment

### 1. Tort and Third–Party Breach of Contract

■ As an initial matter, the City concedes, and we agree, that in light of our supreme court's decision in *Sloan Construction,* the circuit court's grant of summary judgment in favor of the City on the grounds that Appellants have no private right of action against the City for breach of any duties created by the SPPA was in error. However, the City argues even assuming *arguendo* the consequence of *Sloan Construction* was Appellants' tort and third-party breach of contract claims were properly brought under the SPPA, summary judgment as to those claims should nevertheless be affirmed because (1) pursuant to *Sloan Construction,* the City's liability is limited to the remaining balance on the contract with the general contractor when the subcontractor notifies the government of the general contractor's non-payment, *Sloan Constr.,* 377 S.C. at 120, 659 S.E.2d at 165; and (2) there is no dispute in this case that the City paid out the remaining contract price after it was notified of the non-payment. We agree.

■■ "The purpose of summary judgment is to expedite the disposition of cases which do not require the services of a fact finder." *Gauld v. O'Shaugnessy Realty Co.,* 380 S.C. 548, 558, 671 S.E.2d 79, 85 (Ct.App.2008). The party seeking summary judgment has the burden of clearly establishing the absence of a genuine issue of material fact. *Id.* Once the

party moving for summary judgment meets the initial burden of showing the absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings. *Id.* at 558–59, 671 S.E.2d at 85. Rather, the nonmoving party must present specific facts showing a genuine issue for trial. *Id.* at 559, 671 S.E.2d at 85.

William E. Gilbert stated in his deposition that at the time the City learned some of the subcontractors had not been paid in full, a total of $111,270 remained to be paid to Gilbert on the Contract. Those funds were offered to the unpaid subcontractors, including the Appellants. Ultimately, all of the remaining unpaid subcontractors (except the Appellants) agreed to accept a share of the $111,270 in exchange for releasing the City from further liability. The Appellants refused to grant the City such a release. Thereafter, the portion of the $111,270 that was set aside to pay the Appellants was distributed among the other unpaid contractors. Thus, the record indicates although all of the subcontractors might not have been paid in full for their work, the City has not retained any of the unpaid balance on the Contract.[3] We believe this showing established an absence of evidence of the City's nonpayment such that the burden shifted to the Appellants to present evidence in support of its case (i.e., evidence that the City did not, in fact, pay out in full).

The Appellants, however, do not point to any evidence, either in their Final Brief or in their Reply Brief, that would refute the circuit court's finding that there was no evidence of the City's failure to pay. Rather, the Appellants merely make the conclusory allegation in their Reply Brief, "It is very much disputed that the City has fully paid the value of the benefit by paying the entire contract price." The Appellants have shown no specific facts to support this contention; instead, they have rested on the allegations and denials in their pleadings. Under *Gauld,* this is not sufficient to survive summary judgment.

---

3. We also note at oral argument on the cross motions for summary judgment, when counsel for the City stated it was "undisputed ... that the full contract price was ultimately paid out by the City," counsel for the Appellants did not respond.

Consequently, we see no reason to remand this case to determine the extent of the City's liability for the Appellants' SPPA claims because liability for such claims is limited to the unpaid balance on the Contract and there is no genuine dispute as to whether the City has already paid out the remaining balance. Thus, we affirm the circuit court's grant of summary judgment on the tort and third-party breach of contract claims.

## 2. Quantum Meruit

■ The City argues summary judgment as to the Appellants' quantum meruit claims should be affirmed because there is no evidence tending to show the City has retained any of the contract price. We agree.

■ To survive a motion for summary judgment, the non-moving party must offer some evidence that a genuine issue of material fact exists as to each element of the claim. *Steele v. Rogers*, 306 S.C. 546, 552, 413 S.E.2d 329, 333 (Ct.App.1992). The elements of quantum meruit are the following: (1) a benefit conferred by the plaintiff upon the defendant; (2) realization of that benefit by the defendant; and (3) retention of the benefit by the defendant under circumstances that make it inequitable for the defendant to retain the benefit without paying its value. *Myrtle Beach Hosp., Inc. v. City of Myrtle Beach*, 341 S.C. 1, 8–9, 532 S.E.2d 868, 872 (2000).

The City argues there exists no genuine issue of material fact as to the third element of quantum meruit. At the circuit court, the City maintained it paid out the remaining balance on all subcontracts, and that Appellants failed to present sufficient evidence to the contrary to create a genuine issue of material fact. On this basis, the City now argues summary judgment as to quantum meruit should be affirmed because while the City certainly has been "enriched" by the completion of the Project, such enrichment was not unjust because the City has paid out the full price of the Contract. *See Columbia Wholesale Co., Inc. v. Scudder May N.V.*, 312 S.C. 259, 261, 440 S.E.2d 129, 130 (1994) ("Courts addressing a claim of unjust enrichment by a subcontractor against a property owner have typically denied recovery where the owner in fact paid on its contract with the general contractor.").

As discussed above, we find there existed no genuine issue of material fact as to whether the City has paid out in full on the Contract. Consequently, we affirm the circuit court's grant of summary judgment as to quantum meruit.

### 3. Violation of section 27–1–15 of the South Carolina Code

■■■ The City argues the Appellants' claim for attorneys' fees under South Carolina Code Section 27–1–15 [4] is not preserved for review. We agree.

■■■ Error preservation requirements are intended to enable the lower court to rule properly after it has considered all relevant facts, law, and arguments. *I'On v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000). It is axiomatic that for an issue to be preserved for appeal, it must have been raised to and ruled upon by the trial court. *Elam v. S.C. Dept. of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779–80 (2004). When an issue or argument has been raised to but not ruled upon by the trial court, a party must file a Rule 59(e), SCRCP, motion to preserve the issue for appeal. *Id.* at 24 n. 4, 602 S.E.2d at 780 n. 4.

The Appellants asserted claims pursuant to section 27–1–15 in their amended complaint. Thus, the issue of section 27–1–15 was properly raised to the circuit court. However, the circuit court's summary judgment order clearly does not address the question of the Appellants' entitlement to attorneys' fees and interest pursuant to section 27–1–15. Accordingly, it was incumbent upon the Appellants to file a Rule 59(e) motion to secure a ruling from the circuit court and, consequently,

---

4. South Carolina Code section 27–1–15 (Supp.2008) states: "Whenever a contractor, laborer, design professional, or materials supplier has expended labor, services, or materials under contract for the improvement of real property, and where due and just demand has been made by certified or registered mail for payment for the labor, services, or materials under the terms of any regulation, undertaking, or statute, it is the duty of the person upon whom the claim is made to make a reasonable and fair investigation of the merits of the claim and to pay it, or whatever portion of it is determined as valid, within forty-five days from the date of mailing the demand. If the person fails to make a fair investigation or otherwise unreasonably refuses to pay the claim or proper portion, he is liable for reasonable attorney's fees and interest at the judgment rate from the date of the demand."

preserve this issue for appeal. The Appellants did not file such a motion. We, therefore, need not address this issue because it is not preserved for our review.

## CONCLUSION

Accordingly, the decision of circuit court is

**AFFIRMED AS MODIFIED.**

GOOLSBY and GEATHERS, JJ., concur.