THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Lee W. Harris, Appellant,
 
 
 
 
 

v.

 
 
 
 
 Beaufort County
 Sheriff's Department, Respondent.
 
 
 
 
 

Appeal From Beaufort County
Carmen Tevis Mullen, Circuit Court Judge

Unpublished Opinion No.2011-UP-037    
 Submitted January 1, 2011  Filed February
1, 2011

AFFIRMED

 
 
 
 Chalmers C. Johnson, of Tacoma, for
 Appellant.
 Mary Bass Lohr, of Beaufort, for
 Respondent.
 
 
 

PER CURIAM: Lee W. Harris
 brought an action for breach of contract after his termination from employment with
 the Beaufort County Sheriff's Office.  On appeal, Harris argues the trial court
 erred in granting the Sheriff's Office's motion for summary judgment and
 finding section 23-13-10 of the South Carolina Code (2007) did not preclude
 Harris's termination by the Sheriff's Deputy Chief. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities:  
1. As to whether the trial court erred
 in granting Sheriff's Office's motion for summary judgment: Nelson v. Charleston Cnty. Parks & Recreation Comm'n, 362 S.C. 1, 4, 605 S.E.2d 744, 746 (Ct. App. 2004) ("When
 reviewing the grant of a summary judgment motion, the appellate court applies
 the same standard which governs the trial court . . . ."); Rule 56(c),
 SCRCP (finding summary judgment is appropriate "if the pleadings,
 depositions, answers to interrogatories, and admissions on file, together with
 the affidavits, if any, show that there is no genuine issue as to any material
 fact and that the moving party is entitled to a judgment as a matter of law");  S.C. Code Ann. § 23-13-10 (2007) (stating
 a deputy serves at the pleasure of the sheriff); Botchie v. O'Dowd, 315
 S.C. 126, 129, 432 S.E.2d 458, 460 (1993) ("[A] sheriff may not compromise
 his statutory authority to discharge deputies at his discretion. To hold
 otherwise renders the language of [section] 23-13-10 meaningless and
 eviscerates the sheriff's ability to discharge deputies at his pleasure.")
 (quotation marks and citation omitted).
 

2.  As to whether the trial court
 erred in finding section 23-13-10 of the
 South Carolina Code (2007) did not preclude Harris's termination by the Sheriff's
 Deputy Chief: Shirley's
 Iron Works, Inc. v. City of Union, 387 S.C.
 389, 400, 693 S.E.2d 1, 6 (Ct. App. 2010) ("It is axiomatic that for an
 issue to be preserved for appeal, it must have been raised to and ruled upon by the trial court.").
AFFIRMED.
FEW, C.J., SHORT, and
 WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.