THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF
 SOUTH CAROLINA
In The Court
 of Appeals

 
 
 
 Alan Fiddie and Joyce Fiddie, Appellants,
 
 
 

v.

 
 
 
 The Estate of Sheridan Fiddie; any and all
 Personal Representatives, Executors, Special Administrators of any Estate of
 Sheridan Fiddie; JANE DOE, a fictitious person designated to represent the
 spouse of Sheridan Fiddie; JOHN DOES 1-10,001, being fictitious persons
 designated to represent any heirs at law of Sheridan Fiddie; JAMES DOES
 1-10,001, being fictitious persons designated to represent any and all
 devisees of Sheridan Fiddie; JACK DOES 1-10,001, fictitious names designated
 to represent the heirs and devisees of any spouse of Sheridan Fiddie; PAUL
 DOES 1-10,001, fictitious names designated to represent the heirs and
 devisees of any heirs and devisees and spouses of, any heir or devisee of any
 spouse of Sheridan Fiddie; JOHN ROES 1-10,001, being fictitious names used to
 represent the spouse of any surviving spouse of Sheridan Fiddie, JAMES ROES
 1-10,001, being fictitious names used to represent the heirs, devisees and
 spouses of any spouse of any surviving spouse of Sheridan Fiddie; JACK ROES 1-10,001,
 being fictitious Names used to represent the heirs, spouses and devisees of
 any heir of any heir of Sheridan Fiddie; JANE ROES 1-10,001, being fictitious
 names used to represent the heirs, spouses and devisees of any heir of any
 devisee of Sheridan Fiddie; JENNIFER DOES 1-10,001, being fictitious names
 used to represent the heirs, spouses and devisees of any devisee of any
 devisee of Sheridan Fiddie; JENNIFER ROES 1-10,001, being fictitious names
 used to represent the heirs, spouses and devisees of any devisee of any
 devisee of Sheridan Fiddie; the Estate of Theodore Fiddie, any and all
 Personal representatives, Executors, or Special  Administrators of any Estate
 of Theodore Fiddie; JANE LOW, being a fictitious names used to designate the
 surviving spouse, if any of Theodore Fiddie; JOHN LOW 1-10,001 being
 fictitious names to represent the heirs, devisees of any surviving spouse of
 Theodore Fiddie; JACK LOW 1-10,001, being fictitious names used to designate
 the heirs, devisees and surviving spouses of any heir, devisee of a surviving
 spouse of Theodore Fiddie; JAMES LOW being any person entitled to claim an
 interest in any property by virtue of intestate succession or devise from
 Theodore Fiddie through any person or person, without regard to how remote
 such interest have devolved from Theodore Fiddie; the Estates, Executors,
 Personal Representatives or Special Administrators of Charlotte Fiddie,
 Theodore Fiddie, Jr., Paul Fiddie, Daisy Fiddie, Annie Fiddie; and, Harry
 Fiddie; the intestate heirs of Charlotte Fiddie, Theodore Fiddie, Jr., Paul
 Fiddie, Daisy Fiddie, Annie Fiddie; and, Hattie Fiddie; the devisees of
 Charlotte Fiddie, Theodore Fiddie, Jr., Paul Fiddie, Daisy Fiddie, Annie
 Fiddie; and, Hattie Fiddie; the surviving spouses of Charlotte Fiddie,
 Theodore Fiddie, Jr., Paul Fiddie, Daisy Fiddie, Annie Fiddie, and, Hattie
 Fiddie; the heirs or devisees of any surviving spouse or heir or devisee of
 Charlotte Fiddie, Theodore Fiddie, Jr., Paul Fiddie, Daisy Fiddie, Annie
 Fiddie; and, Hattie Fiddie; the Estate of Sam Fiddie, any and all Personal
 Representatives, Executors, or Special Administrators of any Estate of Sam
 Fiddie; JANE MOW, being a fictitious name used to designate the surviving
 spouse, if any, of Sam Fiddie; JOHN MOW 1-10,001, being fictitious names to
 represent the heirs, devisees and surviving spouses of Sam Fiddie and any
 surviving spouse of Sam Fiddie; JACK MOW 1-10,001 being fictitious names used
 to designate the heirs, devisees and surviving spouses of any heir, devisee
 or surviving spouse of Sam Fiddie or any surviving spouse of Sam Fiddie;
 JAMES MOW being any person entitled to claim an interest in any property by
 virtue of intestate succession or devise from Sam Fiddie through any person
 or persons, without regard to how remote such interest have devolved from Sam
 Fiddie; Mamie Fiddie Parker; Bertie Fiddie Barnette; Harry Fiddie; Jimmy
 Fiddie; Raymond Fiddie; Frank Clark; Frances Fiddie; Billy Wilson; LeRoy
 Mixon; JAMES NOWS 1-100,001 being fictitious names used to represent the Estates
 of Frank Clark, Frances Fiddie, Billy Wilson, LeRoy Mixon, or the Personal
 Representative(s), Executor(s) or Special Administrator(s) of the Estate(s)
 of Frank Clark, Frances Fiddie, Billy Wilson, LeRoy Mixon, the surviving
 spouses of Frank Clark, Frances Fiddie, Billy Wilson, LeRoy Mixon The
 intestate heirs and the devisee of Frank Clark, Frances Fiddie, Billy Wilson,
 LeRoy Mixon, the intestate heirs and the devisee of Frank Clark, Frances
 Fiddie, Billy Wilson, LeRoy Mixon, the intestate heirs or devisee of any heir
 or devisee of Frank Clark, Frances Fiddie, Billy Wilson, or LeRoy Mixon, or
 their surviving spouses, if any; Betty (nee) Colins; Mary (nee) Collins;
 Hazel (nee) Collins, Theodore Fiddie; James Fiddie; Mary Fiddie; Nancy
 Fiddie; Veronica Anderson; Gilbert Anderson; Pat Anderson; Elloree Bryant,
 Jr.; Helen Bryant; Melvin Mixon; JOHN ZOES 1-100-001 being fictitious names
 used to represent the surviving spouses and heirs and devisees of Betty (nee)
 Colins; Mary (nee) Collins; Hazel (nee) Collins, Theodore Fiddie; James
 Fiddie; Mary Fiddie; Nancy Fiddie, Veronica Anderson; Gilbert Anderson; Pat
 Anderson; Elloree Bryant, Jr.; Helen Bryant; Melvin Mixon, the Estate(s) of,
 personal Representatives and Special Administrators of any Estates of Betty (nee)
 Colins; Mary (nee) Collins; Hazel (nee) Collins, Theodore Fiddie; James
 Fiddie; Mary Fiddie; Nancy Fiddie, Veronica Anderson; Gilbert Anderson; Pat
 Anderson; Elloree Bryant, Jr.; Helen Bryant; Melvin Mixon, or any heirs or
 devisees of said persons' heirs or devisees or of said persons' surviving
 spouse; Ruth Fiddie, the Estate of Harry Fiddie or any Personal
 Representatives, Executors or Special Administrators of Harry Fiddie, Ricky
 Fiddie J.L. Clark, Kenny Clark, Mary Fiddie Metts, Veronica Anderson Wallace,
 Larry Anderson The Estate or Larry Anderson, Personal Representatives or Special
 Administrators of Larry Anderson, Pat Anderson, any and all Heirs and
 Devisees of Larry Anderson, Misty Anderson, and any other person who Claims
 an interest through any person listed supra herein; and also JENNY LOWES
 1-1,000,001 being fictitious names used to designate any person who may claim
 an interest in the property set forth more fully in the complaint, being in
 the County of Berkeley, State of South Carolina, TMS NUMBER 1610001013, by
 virtue of devise or descent from any person listed above or herein, or by
 deed or tax deed or foreclosure, or by any other means or manner; and those
 persons who claim or may claim such interest who are imprisoned within or
 outside of the State of South Carolina, or who are incompetent, or who are
 minors or who are protected by the provisions of that law known as the
 Soldiers and Sailors Civil Relief Act, as amended from time to time, as found
 codified in Title 50 App. of the United States Code of Laws, Also all other
 persons unknown, claiming any right, title, estate, interest in or lien upon
 the real estate described in the complaint herein, Defendants,
 Of Whom 
 Raymond Fiddie, Jimmy Fiddie, Frank O.
 Clark, Jr., Hattie F. Dangerfield, Bertie Fiddie Barnette, & Mamie Fiddie
 Parker, Paul Fiddie, Jr., Theodore Fiddie, Jr., Kenneth  Clark, Jim L. Clark,
 Gilbert Anderson, Veronica Anderson Shaw, Patricia Fiddie Jackson, Pauline
 Fiddie Walker, Mary F. Varner are, Respondents. 
 
 
 
 

Appeal From
 Berkeley County
 R. Markley
 Dennis, Jr., Circuit Court Judge

Unpublished Opinion
 No. 2011-UP-561
 Heard November
 17, 2011  Filed December 13, 2011   

AFFIRMED

 
 
 
 Melvin Richardson Hyman, Jr., of Charleston, for Appellants.
 John B. Williams and J. Jay Hulst, both of Moncks Corner,
 for Respondents.
 
 
 

PER CURIAM:  Appellants Alan Fiddie and Joyce Fiddie (collectively
 Appellants) appeal from the trial court's grant of summary judgment in favor of
 Respondents on Appellants' adverse possession claim.  On appeal, Appellants
 argue the trial court erred in failing to apply the presumption of ouster and
 that a genuine issue of material fact exists as to whether Appellants ousted
 Respondents and adversely possessed the disputed property. We affirm.
1. As to the grant of summary judgment
 in favor of Respondents, we find there is no genuine issue of material fact as
 to whether Appellants held the disputed property in an actual, open, notorious,
 exclusive, continuous, and hostile manner that amounted to an ouster of
 Respondents. Appellants' subjective belief that Respondents had to ask their
 permission to come on the property did not create a genuine issue of material
 fact. See Rule 56(c), SCRCP (stating summary judgment is proper where no
 genuine issue exists as to any material fact and the moving party is entitled
 to judgment as a matter of law); Hancock v. Mid-South Mgmt. Co., 381
 S.C. 326, 330, 673 S.E.2d 801, 803 (2009) (noting cases with a heightened
 burden of proof require the nonmoving party to submit more than a mere
 scintilla of evidence to withstand a motion for summary judgment);  Jones v.
 Leagan, 384 S.C. 1, 10-11, 681 S.E.2d 6, 11 (Ct. App. 2009) (finding an
 adverse possession claim requires the claimant to prove by clear and convincing
 evidence his possession of the disputed property was continuous, hostile,
 actual, open, notorious, and exclusive for the statutory period); Wells v.
 Coursey, 197 S.C. 483, ___, 15 S.E.2d 752, 755 (1941) ("In order that
 one of several cotenants may acquire title by adverse possession as against the
 others, his possession must be such an actual, open, notorious, exclusive and
 hostile character as to amount to an ouster to the other cotenants. . . . The
 acts relied on to establish an ouster must be of an unequivocal nature, and so
 distinctly hostile to the rights of the other cotenants that the intention to
 disseize is clear and unmistakable."); Jones, 384 S.C. at 13-14,
 681 S.E.2d at 12 ("[T]he determination of whether possession is open and
 notorious is made from the viewpoint of the legal owner exercising ordinary
 diligence, not from the viewpoint of the adverse possessor.").  
2. As to whether the trial court erred
 in failing to apply the presumption of ouster, we find the issue is not
 preserved for our review. See Shirley's Iron Works, Inc. v. City of
 Union, 387 S.C. 389, 400, 693 S.E.2d 1, 6 (Ct. App. 2010) ("[F]or an
 issue to be preserved for appeal, it must have been raised to and ruled upon by
 the trial court."); Church v. McGee, 391 S.C. 334, 347, 705 S.E.2d
 481, 488 (Ct. App. 2011) ("Post-trial
 motions are not necessary to preserve issues that have already been ruled on;
 they are used to preserve those that have been raised to the trial court but
 not yet ruled on by it."); Elam v. S.C. Dep't of Transp., 361 S.C.
 9, 24, 602 S.E.2d 772, 780 (2004) (stating a party must file a Rule 59(e),
 SCRCP, motion when "an issue or argument has been raised, but not ruled
 on, in order to preserve it for appellate review").
3. As to the remaining issues raised on
 appeal, we decline to address Appellants' arguments, as they are not necessary
 to the decision of this appeal.  See Futch v. McAllister Towing of
 Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an
 appellate court need not review remaining issues on appeal when its
 determination of a prior issue is dispositive).  
AFFIRMED.
HUFF, PIEPER, and LOCKEMY, JJ., concur.