23391

Stanley M. LEVY and Harriett Z. Levy, Respondents v. OUTDOOR RE-SORTS OF SOUTH CAROLINA, INC., Appellant.

(405 S.E. (2d) 387)

Supreme Court

*Ralph E. Tupper,* and *Scott A. Seelhoff,* both of *Davis, Tupper & Griffith, P.A.,* Beaufort, *for appellant.*

*James M. Herring,* of *Jones, Scheider & Patterson, P.A.,* Hilton Head Island, *for respondents.*

Heard March 19, 1990.

Decided May 6, 1991.

HARWELL, Justice:

Appellant Outdoor Resorts of South Carolina, Inc., appeals

the order of the trial judge which granted respondents, Stanley M. Levy and Harriet Z. Levy, equitable relief in the form of rescission of a real estate purchase agreement on the ground of mutual mistake. We affirm.

## I. FACTS

Outdoor Resorts is the owner of a recreational vehicle resort on Hilton Head Island. Outdoor Resorts sells lots in the resort to purchasers pursuant to a rental program; Outdoor Resorts manages the property, promotes the property in order to generate rentals, and rents the lots when the owners are not using them. In exchange for its services, Outdoor Resorts retains fifty percent of the rental income.

On November 15, 1978, the Levys entered into a contract with Outdoor Resorts to purchase a lot in the resort. The Levys testified that sales agents from Outdoor Resorts induced them to purchase the lot by representing to them that Outdoor Resorts would rent the lots in the resort on a rotating basis and that as a result, the Levys would receive a fair share of rentals and rental income. The Levys further testified that Outdoor Resorts represented to them that the ownership of the rental property would entitle them to favorable tax consequences as they could claim the property as a business deduction.

However, by 1980, the Levys had only received $10.00 in rental income from the property. As a result, the Levys wrote a letter to Outdoor Resorts and asked them why they were not receiving their fair share of rentals. Outdoor Resorts informed the Levys that they were not entitled to a fair share of the rentals; Outdoor Resorts claimed that its rental policy was to allow customers to choose their own rental sites, rather than to assign sites on a rotating basis, and thus, that it could not promise lot owners a fair share of rentals. In addition, in 1984, the Levys were informed by the Internal Revenue Service that they could not claim the property as a business expense because the property had been rented less than fifteen days per year.

As a result, the Levys commenced an action seeking to rescind the real estate agreement on the grounds of fraud, constructive fraud, and mutual mistake. At the close of the Levy's case, the trial judge granted Outdoor Resorts a di-

rected verdict on all three causes of action. The Levys appealed to this Court, and we ordered a new trial on the mutual mistake cause of action, and affirmed the directed verdict on the fraud and constructive fraud causes of action. At the second trial, the trial judge submitted two questions of fact to the jury: (1) was there a mutual mistake of fact between the Levys and Outdoor Resorts, such mistake being a substantial mistake and material to the formation of their contract?; and (2) did Outdoor Resorts know that the tax considerations were substantial and material to the Levys? The jury answered both questions in the affirmative.

Based on this verdict, the trial judge issued an order finding that the Levys were entitled to rescind the agreement. In order to return the parties to the status quo, the trial judge ordered the Levys to convey the property back to Outdoor Resorts, and ordered Outdoor Resorts to pay the Levys $30,899.00, the sum which the Levys had expended in purchasing the property. Outdoor Resorts appeals, claiming that the trial judge erred regarding several evidentiary matters.

## II. DISCUSSION

Outdoor Resorts first contends that the trial judge erred in allowing the Levys to testify regarding the importance of tax considerations in their decision to purchase the property. Outdoor Resorts argues that this testimony violated the parol evidence rule because the contract of sale constituted the entire agreement between the parties and thus, that testimony regarding pre-contractual discussions was inadmissible. We disagree. Where the terms of a contract are unambiguous, clear and explicit, parol evidence cannot be admitted to contradict or add to the terms of the contract *absent* fraud, accident, or *mistake* in its procurement. *Ray v. South Carolina Nat. Bank, Inc.*, 281 S.C. 170, 314 S.E. (2d) 359 (Ct. App. 1984). Here, the Levys' testimony regarding the importance of tax considerations in their decision to purchase the property was admissible because it went directly to the issue of mistake.

Outdoor Resorts next contends that the trial judge erred by allowing three documents into evidence which it claims were irrelevant. The first document was a letter from Outdoor Resorts to all buyers which stated

that they could "deduct 85% of the purchase price as depreciation." The second document was a rental income summary, which showed average rentals in dollar amounts from 1981-1988 on the various lots in the resort. The third document was a list of the top ten income producing lots.

All that is required to render evidence admissible is that "the facts shown legally tend to establish, or to make more or less probable, some matter in issue, and to bear directly or indirectly thereon. Relevancy of evidence means the logical relation between the proposed evidence and a fact to be established." *Winburn v. Minnesota Mut. Life Ins. Co.*, 261 S.C. 568, 574, 201 S.E. (2d) 372, 374-5 (1973). Here, the Levys sought rescission based upon the claim that the agreement was entered into as a result of mutual mistake. The specific mutual mistakes alleged by the Levys were the favorable tax consequences they thought they would be eligible for, and the expectation that they would receive rental income from a fair share of the rentals. These three documents demonstrated the material difference between what the Levys expected, and what in fact happened. As such, the documents were relevant evidence going directly to the issue of mutual mistake.

Outdoor Resorts also argues that the trial judge erred in allowing the Levys' attorney to ask questions on redirect examination that it claims were not inquired into during cross-examination. The scope of redirect examination is a matter within the discretion of the trial judge. *State v. Stroman*, 281 S.C. 508, 316 S.E. (2d) 395 (1984). From the record before us, it does not appear that the redirect examination delved into an altogether new matter. Since the questions were related to questions asked on cross-examination, we find no error.

Outdoor Resorts next asserts that the trial judge erred in allowing the Levys to call an accountant to testify as to the substance of certain Internal Revenue Code provisions relating to tax deductions on investment rental property. Outdoor Resorts contends that this testimony invaded the province of the judge to instruct the jury as to the law. We disagree. The admission of evidence is a matter addressed to the sound discretion of the trial judge and absent a clear abuse of discretion amounting to an error of law, the trial judge's ruling will not be disturbed on appeal. *Hofer v. St.*

*Clair*, 298 S.C. 503, 381 S.E. (2d) 736 (1989). The accountant did not pronounce the law to the jury, but rather, he merely authenticated photocopies of the Internal Revenue Code so that the copies could be introduced into evidence.

Outdoor Resorts also contends that the trial judge erred in allowing a witness to testify as to statements which it claims were hearsay. During the cross-examination of Outdoor Resorts' sales agent, the Levys' attorney was permitted to ask the agent whether she had discussed the tax consequences of purchasing property with other buyers. The agent stated that she had discussed the issue of tax consequences with other customers. The trial judge did not abuse his discretion in ruling that this testimony was not hearsay as the testimony was not an out of court statement made by a declarant, but was merely an acknowledgment that discussions about tax considerations had taken place.

Outdoor Resorts next contends that the trial judge erred in failing to instruct the jury that a written agreement between two persons merges all prior negotiations. However, this charge would have incorrectly instructed the jury that it was not proper for it to consider the Levys' testimony regarding conversations they had with Outdoor Resorts before they purchased the property. We have already stated that such testimony was permissible and did not violate the parol evidence rule as it went to the question of mistake. The trial judge was correct in holding that such an instruction was inapplicable to this case.

Finally, Outdoor Resorts argues that the trial judge erred in refusing to grant it a directed verdict because there was no evidence which showed that it was aware that the taxation issue was a material fact in the Levys' decision to enter into the contract. In reviewing a motion for a directed verdict, we must view the evidence in the light most favorable to the party opposing the motion; if there is more than one reasonable inference, a directed verdict is properly denied. *Riddle v. Pitts*, 283 S.C. 387, 324 S.E. (2d) 59 (1984). There was evidence offered from which we can infer that Outdoor Resorts was aware that the tax considerations were material facts in the Levys' decision to purchase the property. The Levys testified that they initially expressed doubt about purchasing the property because the cost was prohibitive.

However, the Levys testified that the sales agent changed their minds by informing them that they would have very little out of pocket costs because of the potential rentals and favorable tax consequences. Based on this testimony, the trial judge did not err in granting a directed verdict; the questions of whether there was a mutual mistake and whether Outdoor Resorts knew that the tax considerations were material to the Levys were questions of fact for the jury. The order of the trial judge is

Affirmed.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.