23429

Ann H. CALLANDER and Stella B. Brownlee as Personal Representatives of Paul W. Lingos, deceased, Petitioners v. CHARLESTON DOUGH-NUT CORPORATION and Krispy Kreme Doughnut Corporation, Respondents.

(406 S.E. (2d) 361)

Supreme Court

124

*John D. Crumrine, Lempesis Law Firm,* Charleston, *for petitioners.*

*Dennis J. Christensen, Wise & Cole, P.A.,* Charleston, *for respondents.*

Heard March 4, 1991.

Decided July 8, 1991.

CHANDLER, Justice:

We granted certiorari to review the Court of Appeals' decision reported at 300 S.C. 317, 387 S.E. (2d) 695 (Ct. App. 1989).

We affirm as modified.

## FACTS

Petitioner, Paul Lingos (Lingos), slipped and fell in a Krispy

Kreme Doughnut Shop when he backed up to sit on a stool, from which the round seat top was missing. He instituted this action alleging that the condition of the stool constituted a latent defect. The jury returned a verdict for $30,000.

Court of Appeals reversed and remanded for a new trial, holding that Lingos was not entitled to a latent defect instruction, there being "no evidence that the broken stool could not have been discovered by a reasonably careful inspection." It failed, however, to address Krispy Kreme's contention that this holding mandated a directed verdict in its favor.

## ISSUE
The sole issue is whether the condition of the stool constituted a latent defect.

## DISCUSSION
A latent defect is one which an owner has, or should have, knowledge of, and of which an invitee is *reasonably* unaware. *Wilson v. Duke Power Co.*, 273 S.C. 610, 258 S.E. (2d) 101 (1979); *Bruno v. Pendleton Realty*, 240 S.C. 46, 124 S.E. (2d) 580 (1962). It is one which a reasonably careful inspection will not reveal. *See Land v. Franklin National Insurance Company*, 225 S.C. 33, 80 S.E. (2d) 420 (1954); 26A C.J.S. *Defect.*

Here, Lingos testified that he *backed* toward the stool while talking to a counter person. Although Krispy Kreme was crowded, no evidence was presented that this condition affected his ability to discover the missing seat top had he turned to look. Accordingly, we agree with the Court of Appeals that latent defect was erroneously charged.

However, we reject Krispy Kreme's contention that a finding of no latent defect mandates a directed verdict in its favor.

The traditional "no duty to warn of the obvious" rule has been modified in many jurisdictions to hold that an owner is liable for injuries to an invitee, despite an open and obvious defect, if the owner should anticipate that the invitee will nevertheless encounter the condition, or that the invitee is likely to be distracted. *See, generally,* 62 Am. Jur. (2d) *Premises Liability* § 146-157; 62A Am. Jur. (2d), *Premises Liability* § 504; *Annotation* 35 A. L. R. (3rd) 230, § 4(a). *See, also, Guidry v. Continental Oil Co.*, 640 F. (2d) 523 (5th Cir. 1981); *Williams*

*v. Boise Cascade Corp.*, 507 A. (2d) 576 (ME 1986); *Shaffer v. Mays*, 140 Ill. App. (3d) 779, 95 Ill. Dec. 83, 489 N.E. (2d) 35 (1986); *Tribe v. Shell Oil Co., Inc.*, 133 Ariz. 517, 652 P. (2d) 1040 (1982); *Southern Railway Co. v. ADM Milling Co.*, 58 N.C. App. 667, 294 S.E. (2d) 750 (1982).

Jurisdictions adopting this view follow the Restatement (Second) of Torts § 343(A) (1965) which provides:

### Known or Obvious Dangers

(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.* (Emphasis supplied.)

We hereby adopt Section 343(A) of the Restatement (Second).

Comment (f) to § 343(A) points out that an owner may be required to warn the invitee, or take other reasonable steps to protect him, if the "possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, . . . or fail to protect himself against it." Restatement (Second) *Torts* § 343A, comment (f) at 220-221 (1985).

Here, Krispy Kreme's owner/manager admitted the stool top had been missing for over two months. Moreover, he was unable to explain why a warning sign, previously placed on the stool, had been removed prior to Lingos' accident. Finally, he conceded that many of his regular customers were senior citizens who customarily backed up to the stools in order to sit down.

The trial court, upon remand, shall instruct the jury in accordance with this opinion.

Affirmed as modified.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.