UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

KITTY GREEN,

*Plaintiff-Appellant,*

v.

No. 04-1095

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

Appeal from the United States District Court
for the District of South Carolina, at Beaufort.
Patrick Michael Duffy, District Judge.
(CA-02-3925)

Submitted: July 9, 2004

Decided: August 5, 2004

Before MOTZ and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

J. Brent Kiker, KIKER & DOUDS, P.A., Beaufort, South Carolina,
for Appellant. J. Strom Thurmond, Jr., United States Attorney, John
H. Douglas, Assistant United States Attorney, Charleston, South Car-
olina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Kitty Green appeals from the district court's order granting summary judgment to the Government in her suit under the Federal Tort Claims Act ("FTCA"). Green alleged that, while visiting a family member at the Federal Correctional Institution in Estill, South Carolina, she slipped in a puddle of water and fractured her ankle. The district court found that the danger was open and obvious and, thus, Green had a duty to discover and avoid the danger. We find that material issues of fact exist preventing summary judgment. Accordingly, we vacate and remand.

This court reviews de novo a district court's order granting summary judgment. *Moore Bros. Co. v. Brown & Root, Inc.*, 207 F.3d 717, 722 (4th Cir. 2000). Summary judgment is only appropriate when there is no genuine issue of material fact that could lead a trier of fact to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "In determining whether to grant summary judgment, all justifiable inferences must be drawn in favor of the non-movant." *Miltier v. Beorn*, 896 F.2d 848, 852 (4th Cir. 1990). The non-movant is entitled to "have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, [and] all internal conflicts in it resolved favorably to him." *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979).

The FTCA "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001). Thus, liability under the FTCA is determined by reference to the law of the state in which the allegedly tortious conduct occurred. 28 U.S.C. § 1346(b)(1) (2000). Therefore, South Carolina law governs.

Under South Carolina law, the owner of property owes no duty to use reasonable care to take precautions against or to warn guests of open and obvious dangers. In such situations, the guests themselves have a duty to discover and avoid the danger. *Neil v. Byrum*, 343 S.E.2d 615, 616 (S.C. 1986). This general rule has an exception, where the owner should reasonably anticipate that invitees may be distracted or will not discover the danger. *Callander v. Charleston Doughnut Corp.*, 406 S.E.2d 361, 362-63 (S.C. 1991). The degree of care owed with regard to an open and obvious danger is commensurate with the circumstances involved, including the possessor's prior knowledge of the defect's existence and the age and capacity of the invitee. *See Larimore v. Carolina Power & Light*, 531 S.E.2d 535, 539-40 (S.C. Ct. App. 2000).

The district court held that a twelve foot long puddle on the floor of the visitor's room, coupled with the fact that it was raining for twelve hours prior to the accident, created an open and obvious danger and, thus, the Government had no duty to take precautions or warn Green. However, drawing all inferences in favor of Green, she walked over thirty-six feet out of the rain on dry floors before opening the door to the visitor's room.[1] Thus, Green entered the visitor's room with no warning that there would be a large puddle on the opposite side of the door. Moreover, even if the puddle was large enough to be seen immediately, Green testified at her deposition that she began to slip as soon as she entered the room. Thus, while the puddle may have been open and obvious to someone standing in the room, Green's view was blocked by the door,[2] and she potentially did not have time to process the puddle's danger before she fell. Thus, we find that a material issue of fact exists as to whether the danger was open and obvious, and summary judgment was, therefore, inappropriate.

---

[1]In her brief, Green appears to assume that there was no water on the floor prior to the visitor's room and that the door to the visitor's room was closed. There is no evidence in the joint appendix regarding these allegations, but the Government does not dispute them. The joint appendix contains only excerpts from the deposition testimony.

[2]While the door was made mostly of glass, the pictures in the record show that the view of the floor was somewhat obstructed.

There is also the issue of whether, under *Larimore* and *Callander*, the circumstances dictated a duty to warn, even in the face of an open and obvious danger. Here too, we find a genuine issue of material fact. Green alleges that there was a guard just inside the visitor's room door, where he would have been well aware of the large puddle of water. In addition, presumably the Government was more aware of where water pooled during times of rain than Green, who had allegedly never been to the prison during rain before. Furthermore, in the moments between opening the door and slipping, Green would have reasonably been distracted by handling the door and locating the sign-in table.[3] Thus, the forecast evidence could support a jury finding that the Government should have warned Green of the puddle.

Based on the foregoing, we vacate the district court's order and remand the case for further proceedings. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[3]The district court found it significant that Green had been to the facility and signed in on two prior occasions. However, the record reflects that this was the only occasion on which it was raining. In addition, the immediacy of Green's fall upon entering the room would only require a brief distraction for her to miss seeing the puddle.