706 S.E.2d 45

**Karen HARRIS, Appellant,**

v.

**The UNIVERSITY OF SOUTH CAROLINA, Respondent.**

**No. 4789.**

Court of Appeals of South Carolina.

Heard Sept. 14, 2010.
Decided Feb. 3, 2011.

520

James H. Moss, of Beaufort, for Appellant.

C. Scott Graber, of Beaufort, for Respondent.

LOCKEMY, J.

Karen Harris appeals the jury's verdict in favor of the University of South Carolina (the University) on her negligence claim for damages resulting from injuries she suffered in a fall on University property. Harris argues the trial court erred in (1) charging the jury on the Limitation on Liability of Landowners Act, commonly known as the Recreational Use Statute (the RUS)[1], (2) charging she carried the burden of proof regarding the RUS, (3) charging gross negligence, and (4) charging the law regarding the duty owed to a licensee. We affirm.

## FACTS

Pritchard's Island (the Island) is an undeveloped barrier island off the coast of Beaufort County. The Island is managed by the University and is used for education, conservation, and research purposes by the University, other state institutions, and the public. The University leases the Island from the Carolina Research and Development Foundation and uses it primarily for sea turtle research. Groups and individuals must pay a fee to come to the Island and participate in the turtle education project or other educational opportunities. However, volunteers, family members of employees, and honored visitors are not required to pay.

In August 2005, Harris came to the Island to visit her son, Daniel Russo, an intern employed by the University. Harris did not pay a fee to come onto the Island. During her visit,

1. S.C.Code Ann. §§ 27–3–10 to –70 (2007).

Harris stayed in the Island's main house, which is used as a dormitory for visitors, educational facility, and staff offices. Guests can access the beach from the house through a boardwalk that connects to a set of stairs and extends over sand dunes and down to the beach. On the afternoon of August 2, 2005, Harris slipped and fell on the boardwalk stairs as she was returning to the house from the beach. According to Harris, she was carrying a beach chair, book, and a drink can when she slipped on the second step from the bottom on the stairs after crossing the dunes. Harris suffered a severely broken ankle, which required surgery and physical therapy.

In January 2006, Harris filed suit against the University, alleging the University negligently designed, constructed, and maintained the boardwalk stairs. Harris also maintained she was an invitee on the Island, and the University failed to properly warn her regarding the "dangerous condition" of the stairs. Harris alleged she suffered a permanent disability to her right ankle and was entitled to damages for her lost wages, medical bills, future medical expenses, loss of the enjoyment of life, and her mental anguish and physical pain. At trial, the jury returned a verdict in favor of the University.[2] This appeal followed.

## STANDARD OF REVIEW

"The standard of review for an appeal of an action at law tried by a jury is restricted to corrections of errors of law." *Felder v. K–Mart Corp.*, 297 S.C. 446, 448, 377 S.E.2d 332, 333 (1989). "A factual finding of the jury will not be disturbed unless there is no evidence which reasonably supports the findings of the jury." *Id.*

"An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its discretion." *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000). "An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." *Id.* "An erroneous jury instruction, however, is not

---

2. The reading of the verdict was not included in the record, and the record does not contain the verdict forms.

grounds for reversal unless the appellant can show prejudice from the erroneous instruction." *Cole v. Raut,* 378 S.C. 398, 405, 663 S.E.2d 30, 33 (2008).

## LAW/ANALYSIS

### I. Licensee and Invitee Jury Charges

■ Harris argues the trial court erred in charging the jury the law regarding licensees. Harris maintains the trial court should have determined she was an invitee as a matter of law. We disagree.

The University's duty to protect Harris from conditions on the Island largely depends on whether she was an adult trespasser, a licensee, or an invitee at the time of her injury. *Singleton v. Sherer,* 377 S.C. 185, 200, 659 S.E.2d 196, 204 (Ct.App.2008). Because trespass is not an issue before this court, we must determine whether there was sufficient evidence for the trial court to charge the jury with the law regarding licensees and invitees.

■ A licensee is a social guest or "a person who is privileged to enter upon land by virtue of the possessor's consent." *Neil v. Byrum,* 288 S.C. 472, 473, 343 S.E.2d 615, 616 (1986). "A licensee's presence on the property is for the primary benefit of the licensee, not the owner." *Goode v. St. Stephens United Methodist Church,* 329 S.C. 433, 441, 494 S.E.2d 827, 831 (Ct.App.1997). "A landowner owes a licensee a duty to use reasonable care to discover the licensee, to conduct activities on the land so as not to harm the licensee, and to warn the licensee of any concealed dangerous conditions or activities." *Landry v. Hilton Head Plantation Prop. Owners Ass'n,* 317 S.C. 200, 203, 452 S.E.2d 619, 621 (Ct.App. 1994).

■ An invitee, on the other hand, "is a person who enters onto the property of another at the express or implied invitation of the property owner." *Goode,* 329 S.C. at 441, 494 S.E.2d at 831. "The visitor is considered an invitee especially when he is upon a matter of mutual interest or advantage to the property owner." *Sims v. Giles,* 343 S.C. 708, 716, 541 S.E.2d 857, 862 (Ct.App.2001). "The owner of property owes to an invitee or business visitor the duty of exercising reason-

able or ordinary care for his safety, and is liable for injuries resulting from the breach of such duty." *Id.* at 718, 541 S.E.2d at 863. "The property owner has a duty to warn an invitee only of latent or hidden dangers of which the property owner has or should have knowledge." *Sides v. Greenville Hosp. Sys.*, 362 S.C. 250, 256, 607 S.E.2d 362, 365 (Ct.App. 2004). "A property owner generally does not have a duty to warn others of open and obvious conditions, but a landowner may be liable if the landowner should have anticipated the resulting harm." *Id.* "The basic distinction between a licensee and an invitee is that an invitee confers a benefit on the landowner." *Landry*, 317 S.C. at 204, 452 S.E.2d at 621.

Harris argues she was an invitee because she was expressly invited to the Island by Russo as a benefit accorded to him as a University employee. Harris also maintains that as a visitor to the Island, she was required to volunteer or participate in the Island's educational programs. The University contends Harris came to the Island after asking for permission to come, and the purpose of her visit was for recreation and to visit her son.

While Harris maintains she was an invitee on the Island, we find there was sufficient evidence for the jury to infer that Harris was a licensee. Despite alleging in her brief that she "received an express invitation" to come to the Island, Harris testified at trial that she could not recall whether Russo expressly invited her to the Island or whether she asked for permission to come. Russo also testified he was unsure whether he invited Harris or whether she asked for permission to visit him. Furthermore, while Brandy Armstrong, Russo's supervisor, testified no one came to the island for recreational purposes only, evidence in the record indicates Harris spent her time on the Island lying on the beach, reading a novel, and not participating in any educational activities.

We find the jury was properly given the opportunity to determine whether or not Harris had an express invitation to visit the Island and whether or not her presence on the Island benefited the University. Thus, the trial court did not err in charging the jury the law regarding both licensees and invitees because Harris's status at the time of her injury was a

question of fact for the jury. *See Hoover v. Broome,* 324 S.C. 531, 538, 479 S.E.2d 62, 66 (Ct.App.1996) (concluding that when conflicting evidence is presented as to whether someone is a licensee or invitee, the question becomes one of fact and as such, is properly left to the jury).

## II. RUS

 Harris argues the trial court erred in charging the RUS. We disagree.

The RUS was enacted by our legislature to "encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." S.C.Code Ann. § 27–3–10 (2007). Pursuant to section 27–3–30,

> an owner of land owes no duty of care to keep the premises safe for entry or use by persons who have sought and obtained his permission to use it for recreational purposes or to give any warning of a dangerous condition, use, structure, or activity on such premises to such persons entering for such purposes.

Furthermore, section 27–3–40 provides:

> Except as specifically recognized by or provided in § 27–3–60, an owner of land who permits without charge any person having sought such permission to use such property for recreational purposes does not thereby:
>
> (a) Extend any assurance that the premises are safe for any purpose.
>
> (b) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed.
>
> (c) Assume responsibility for or incur liability for any injury to person or property caused by an act of omission of such persons.

The RUS defines "recreational purpose" as including, but not limited to, any of the following: "hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, summer and winter sports and viewing or enjoying historical, archaeological, scenic, or scientific sites." S.C.Code Ann. § 27–3–20(c) (2007).

Harris argues the trial court erred in determining the RUS applied as a matter of law. She maintains (1) the Island was not open to the general public, (2) the Island was posted and barricaded from use, prohibiting the general public from access, and (3) she was not on the Island for any recreational purpose. The University argues the RUS was applicable and that Harris (1) sought and obtained permission to come to the Island, (2) was not charged for her visit, and (3) came for recreational purposes.

We find the trial court did not err in charging the RUS. While Harris maintains the RUS does not apply in situations where land is not open to the general public, the plain language of the RUS is contrary to this interpretation. *See Corbett v. City of Myrtle Beach, S.C.,* 336 S.C. 601, 606, 521 S.E.2d 276, 279 (Ct.App.1999) (holding the primary rule of statutory construction is to give statutes their plain and ordinary meaning where the statute's language is unambiguous). The RUS does not provide that a landowner is required to open his land to everyone in order to benefit from the protections of the statute. Rather, the RUS limits the liability of landowners who open their land to *any person having* "*sought and obtained*" *permission* to enter for recreational purposes. S.C.Code Ann. § 27–3–30 (2007) (emphasis added).

Furthermore, the RUS does not provide that every person a landowner allows onto his land must be permitted to enter without charge. The statute only protects landowners who do not charge those who seek and obtain permission to come onto their land for recreational purposes. *See* S.C.Code Ann. § 27–3–40 (2007). The RUS also does not require, as Harris argues, that the land be free of "no trespassing" signs or that the land be used exclusively for recreational purposes. Thus, the trial court properly charged the RUS and did not err in asking the jury to determine whether Harris met the criteria in section 27–3–40. Whether Harris sought permission to enter the Island and whether her visit was for recreational purposes are questions of fact for the jury to decide.[3]

---

**3.** Harris testified she did not pay a fee to visit the Island, and this fact was not contested at trial.

### III. RUS—Burden of Proof

██ Harris argues the trial court erred in failing to charge the jury that the University carried the burden of proof regarding the RUS. We find this issue is not preserved for our review.

During the jury charge, the trial court failed to tell the jury that the University had the burden of proof regarding the RUS. After the charge, Harris objected:

Harris's Counsel: I felt like that [the University] would have the burden of proof on the [RUS].

The Court: I should have told them that.

. . .

The Court: You want me to bring them back and tell them that?

Harris's Counsel: No. That's all right, Judge. I—

The Court: I should have told them that. You're right.

Harris's Counsel: I know it; but that's okay....

The Court: Okay. I think—I hope they understand without my—

Harris's Counsel: I think they do.

The Court: All right.

Harris's Counsel: I argued it to them. I don't—I'm not going to worry about that.

Harris's argument is not properly before us for review because defense counsel declined the trial court's offer to recharge the jury with the correct law regarding the burden of proof. *See Ex parte McMillan,* 319 S.C. 331, 335, 461 S.E.2d 43, 45 (1995) (holding a party cannot acquiesce to an issue at trial and then complain on appeal).

### IV. Gross Negligence Charge

██ Harris argues the trial court erred in charging the jury on the law regarding gross negligence. Specifically, Harris maintains the trial court failed to sufficiently define gross negligence and improperly charged the jury on the facts. We find this issue is not preserved for our review.

The trial court charged the jury:

So the—[RUS] . . . grants to the University in the case of recreational use of land without a fee lia—uh—uh—immuni-

ty, unless it's established that the act or omission was not only negligent, but was gross negligence; that is: They knew they were doing something wrong and they went ahead and did it anyway. So if that was the case, then she still could be entitled to be paid for her injuries and damages by the University.

Harris argues this was not the correct charge on the law. She contends the trial court's charge should have included definitions of the terms "negligence" and "recklessness." Because Harris failed to object to the gross negligence charge at trial, this argument is not preserved for our review. *See Staubes v. City of Folly Beach,* 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) (holding an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review).

## CONCLUSION

We find the trial court did not err in charging the jury on the RUS or the law regarding licensees. Furthermore, we conclude Harris's arguments that the trial court improperly charged the jury on the law regarding gross negligence and failed to charge the jury that the University carried the burden of proof regarding the RUS are not preserved for our review. Accordingly the decision of the trial court is

**AFFIRMED.**

SHORT and THOMAS, JJ., concur.