743 S.E.2d 858

Cynthia **RICHARDSON**, Appellant,

v.

**PIGGLY WIGGLY CENTRAL, INC.**, Respondent.

Appellate Case No. 2012–207446.

Court of Appeals of South Carolina.

Heard April 4, 2013.
Decided May 22, 2013.

Garryl Deas, of the Garryl Deas Law Firm, of Sumter, for Appellant.

Thomas E. Player, Jr., of Player & McMillan, LLC, of Sumter, for Respondent.

KONDUROS, J.

Cynthia Richardson appeals the circuit court's reversal of the magistrate court's denial of Piggly Wiggly Central, Inc.'s motion for judgment notwithstanding the verdict (JNOV). We affirm.

**FACTS**

On the morning of October 11, 2008, Richardson went to Piggly Wiggly. It was raining as she entered the store. Richardson purchased a loaf of bread and was leaving when

she slipped on the wet concrete outside of the store. She suffered pain to her right knee and back.

Richardson filed an action in magistrate's court alleging Piggly Wiggly was negligent for failing to warn of the dangerous condition created by the rain on the sidewalk. At trial, Richardson testified she slipped outside of the store. She described the flooring inside Piggly Wiggly as tile and outside as concrete. When asked, she specifically stated she slipped on the concrete. At the close of Richardson's case, Piggly Wiggly moved for a directed verdict on the grounds that Richardson failed to present any evidence the store had created an unsafe condition. The magistrate denied the motion. The jury found Piggly Wiggly negligent and awarded Richardson $3,870 in damages. Piggly Wiggly filed a JNOV motion, which the magistrate denied.

Piggly Wiggly appealed. The circuit court reversed the denial of the JNOV motion, finding Richardson slipped outside of the store and the mere fact she slipped was not evidence of an unreasonably dangerous condition. Richardson filed a motion for reconsideration, which the circuit court denied. This appeal followed.

## STANDARD OF REVIEW

In reviewing a magistrate's decision, the circuit court is not bound by the lower court's findings of fact. *Parks v. Characters Night Club*, 345 S.C. 484, 490, 548 S.E.2d 605, 608 (Ct.App.2001). The circuit court must give judgment according to the justice of the case. S.C.Code Ann. § 18–7–170 (1985).

A motion for a JNOV is merely a renewal of the directed verdict motion. *Wright v. Craft*, 372 S.C. 1, 20, 640 S.E.2d 486, 496 (Ct.App.2006). When reviewing the circuit court's ruling on a motion for a directed verdict or a JNOV, this court must apply the same standard as the circuit court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 27–28, 602 S.E.2d 772, 782 (2004). The circuit court must deny a motion for a directed verdict or JNOV if the evidence yields more than one reasonable inference or its inference is in doubt. *Strange v. S.C. Dep't of Highways & Pub. Transp.*, 314 S.C. 427, 429, 445 S.E.2d 439,

440 (1994). Moreover, "[a] motion for JNOV may be granted only if no reasonable jury could have reached the challenged verdict." *Gastineau v. Murphy*, 331 S.C. 565, 568, 503 S.E.2d 712, 713 (1998). In deciding such motions, neither the trial court nor the appellate court has the authority to decide credibility issues or to resolve conflicts in the testimony or the evidence. *Welch v. Epstein*, 342 S.C. 279, 300, 536 S.E.2d 408, 419 (Ct.App.2000).

## LAW/ANALYSIS

■ Richardson contends the circuit court erred in granting JNOV. She maintains because she was an invitee, Piggly Wiggly owed her a duty to keep its premises reasonably safe. She alleges it breached that duty by failing to warn of a dangerous condition of which it had actual or constructive knowledge. We disagree.

■ In South Carolina, a merchant owes a customer a duty of ordinary care to keep his premises in a reasonably safe condition. *Wimberley v. Winn–Dixie Greenville, Inc.*, 252 S.C. 117, 120–21,165 S.E.2d 627, 628 (1969) ("[O]ne who operates a store is not an insurer of the safety of its customers, the duty owed them is rather the duty of exercising ordinary care to keep parts of the store as are ordinarily used by customers in a reasonably safe condition."). However, "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." *Callander v. Charleston Doughnut Corp.*, 305 S.C. 123, 126, 406 S.E.2d 361, 362 (1991) (emphasis omitted).

At trial, Richardson testified she knew it was raining when she entered Piggly Wiggly. The fact that the sidewalk was wet and slippery when she left the store should have been apparent. In a similar case, the Supreme Court of South Carolina held an owner did not have a duty to warn an invitee about the danger of wet grass "because it was a natural condition, the peril of which was obvious. In contrast, a latent defect is one which an owner has, or should have, knowledge of, and of which an invitee is *reasonably* unaware. It is one which a reasonably careful inspection will not reveal." *Meadows v. Heritage Vill. Church & Missionary Fellowship, Inc.*, 305 S.C. 375, 378, 409 S.E.2d 349, 351 (1991).

Piggly Wiggly did not breach its duty to provide reasonably safe premises. Furthermore, Richardson's testimony conclusively shows she slipped on the ground outside of the store and she knew it was raining and the sidewalk was uncovered. When viewed in a light most favorable to Richardson, she presented no evidence Piggly Wiggly was negligent.

## CONCLUSION

Accordingly, the circuit court's decision is **AFFIRMED**.

HUFF and WILLIAMS, JJ., concur.