**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Kevin Schumacher, Appellant,

v.

Lance Hoover, Respondent.

Appellate Case No. 2012-212377

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2013-UP-432
Heard October 17, 2013 – Filed November 27, 2013

**AFFIRMED**

Kirby Darr Shealy, III, of Adams and Reese LLP, of Columbia, for Appellant.

James Edward Bradley and Margaret Amelia Hazel, both of Moore Taylor & Thomas, PA, of West Columbia, for Respondent.

**PER CURIAM:** Kevin Schumacher appeals the order of the trial judge denying his breach of contract action for rent and his motion for directed verdict against

Lance Hoover.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to the breach of the lease agreement:  S.C. Code Ann. § 27-40-440(a)(2) (2007) (providing the landlord shall make all repairs *reasonably necessary* to keep premises habitable) (emphasis added).  S.C. Code Ann. § 27-40-610(a) (2007) (stating the landlord, upon notice, has fourteen days to remedy the breach of the lease agreement or it will be terminated).  S.C. Code Ann. § 27-40-530(a) (2007) (stating a tenant shall not withhold consent unreasonably for landlord to enter premises to make repairs).

As to the standard of review for a directed verdict:  *Richardson v. Piggly Wiggly Cent., Inc.*, 404 S.C. 231, 233, 743 S.E.2d 858, 859 (Ct. App. 2013) (stating that when reviewing the circuit court's ruling on a motion for a directed verdict or a JNOV, this court must apply the same standard as the circuit court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party); *id.* (stating the court must deny a motion for a directed verdict or JNOV if the evidence yields more than one reasonable inference or its inference is in doubt); *Gause v. Smithers*, 403 S.C. 140, 149, 742 S.E.2d 644, 649 (2013) ("A motion for JNOV may be granted only if no reasonable jury could have reached the challenged verdict.").

As to monetary awards:  S.C. Code Ann. § 27-40-410(b) (2007) (stating that if the landlord fails to return the security deposit with proper notice the tenant may recover treble damages and attorney's fees).

**AFFIRMED.**

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**