**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Joseph Barilotti, Appellant,

v.

Ocean Course Golf Club, LLC, Respondent.

Appellate Case No. 2013-001837

―――――――――――

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2014-UP-448
Heard October 16, 2014 – Filed December 10, 2014

―――――――――――

**AFFIRMED**

―――――――――――

Christopher Joseph McCool and Melissa Ashley Fried,
both of Joye Law Firm, LLP, of North Charleston, for
Appellant.

Robert H. Hood, James Bernard Hood, and Anne Smith
Reid, all of Hood Law Firm, LLC, of Charleston; and
Deborah Harrison Sheffield, of Charleston, for
Respondent.

―――――――――――

**PER CURIAM:** In this premises liability case arising from a slip and fall on a golf course bridge, Joseph Barilotti appeals the grant of a directed verdict to Ocean Course Golf Club, LLC, arguing the trial erred in (1) weighing the evidence presented at trial, (2) allowing Ocean Course to use evidence that it did not produce during discovery, and (3) prohibiting him from questioning a witness on redirect examination about a prior slip and fall on another bridge on the same golf course.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1.  As to whether the trial court improperly weighed the evidence presented at trial when ruling on Ocean Course's directed verdict motion: *Garvin v. Bi-Lo, Inc.*, 343 S.C. 625, 629 n.1, 541 S.E.2d 831, 833 n.1 (2001) ("A merchant is not required to maintain the premises in such condition that no accident could happen to a patron using them."); *Meadows v. Heritage Vill. Church & Missionary Fellowship, Inc.*, 305 S.C. 375, 378,  409 S.E.2d 349, 351 (1991) (holding a property owner had no duty to warn its invitees about wet grass because this condition "was a natural condition, the peril of which was obvious"); *Callander v. Charleston Doughnut Corp.*, 305 S.C. 123, 126, 406 S.E.2d 361, 362 (1991) ("A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." (emphasis omitted) (quoting *Restatement (Second) of Torts* § 343(A) (1965))); *Richardson v. Piggly Wiggly Cent., Inc.*, 404 S.C. 231, 234, 743 S.E.2d 858, 859 (Ct. App. 2013) (stating the rule that a business owner owes a patron "a duty of ordinary care to keep his premises in a reasonably safe condition"); *Harris v. Univ. of S.C.*, 391 S.C. 518, 524, 706 S.E.2d 45, 48 (Ct. App. 2011) ("The property owner has a duty to warn an invitee only of latent or hidden dangers of which the property owner has or should have knowledge." (citation and internal quotation marks omitted)); *Pringle v. SLR, Inc. of Summerton*, 382 S.C. 397, 404, 675 S.E.2d 783, 787 (Ct. App. 2009) ("The showing that a defendant created a condition that led to a plaintiff's injury is not . . . sufficient to survive a summary judgment motion unless there is evidence that in creating the condition, the defendant acted negligently.").

2.  As to whether the trial court erred in allowing Ocean Course to use evidence that it did not produce during discovery: Rule 37(b)(2), SCRCP (stating that if a party fails to obey an order to provide or permit discovery, the trial court "may make such orders in regard to the failure as are just . . . . "); *McNair v. Fairfield Cnty.*, 379 S.C. 462, 467, 665 S.E.2d 830, 832 (Ct. App. 2008) ("In determining the appropriateness of a sanction, the court should consider such factors as the

precise nature of the discovery and the discovery posture of the case, willfulness, and degree of prejudice." (citation and internal quotation marks omitted)); *Karppi v. Greenville Terrazzo Co.*, 327 S.C. 538, 542, 489 S.E.2d 679, 681 (Ct. App. 1997) ("A trial court's exercise of its discretionary powers with respect to sanctions imposed in discovery matters will be interfered with by the Court of Appeals only if an abuse of discretion has occurred.").

3.  As to whether the trial court improperly restricted Barilotti's redirect examination of a witness: *Watson v. Ford Motor Co.*, 389 S.C. 434, 453, 699 S.E.2d 169, 179 (2010) ("Evidence of similar accidents, transactions, or happenings is admissible in South Carolina where there is some special relation between the accidents tending to prove or disprove some fact in dispute."); *id.* at 454, 699 S.E.2d at 179-80 ("Courts require a plaintiff to establish a factual foundation to show substantial similarity because evidence of similar incidents may be extremely prejudicial."); *Levy v. Outdoor Resorts of S.C., Inc.*, 304 S.C. 427, 431, 405 S.E.2d 387, 390 (1991) ("The scope of redirect examination is a matter within the discretion of the trial judge.").

**AFFIRMED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**