**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2260**

MICHAEL HODGES,

       Plaintiff - Appellant,

    v.

SPEEDWAY LLC, f/k/a Hess Corporation-Wilcohess LLC,

       Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard Mark Gergel, District Judge. (2:16-cv-03021-RMG)

Submitted: July 24, 2018                 Decided: August 10, 2018

Before GREGORY, Chief Judge, and DIAZ and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Benjamin A. Parker, JOHN PRICE LAW FIRM, LLC, North Charleston, South Carolina, for Appellant. J. Bennett Crites, III, Mary B. Ramsay, SHUMAKER, LOOP & KENDRICK, LLP, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Hodges appeals the district court's order granting summary judgment to Speedway LLC ("Speedway") in this negligence action. Finding no error, we affirm the district court's order.

We "review[] de novo [a] district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013). Because this case was brought under the district court's diversity jurisdiction, we must apply South Carolina law as it has been determined, or as we predict it would be determined, by the highest court of South Carolina. *Stahle v. CTS Corp.*, 817 F.3d 96, 100 (4th Cir. 2016).

To establish a negligence claim under South Carolina law, a plaintiff must demonstrate "(1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damages proximately resulting from the breach of

2

duty." *Fowler v. Hunter*, 697 S.E.2d 531, 534 (S.C. 2010). A property owner has a duty to exercise reasonable care for the safety of an invitee who enters the property at the express or implied invitation of the owner. *Sims v. Giles*, 541 S.E.2d 857, 861-63 (S.C. Ct. App. 2001). However, the property owner generally owes no duty to use reasonable care to take precautions against or to warn guests of open and obvious dangers. *Neil v. Byrum*, 343 S.E.2d 615, 616 (S.C. 1986). A danger is obvious if "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." Restatement (Second) of Torts § 343A cmt. b (1965); *see Callander v. Charleston Doughnut Corp.*, 406 S.E.2d 361, 362-63 (S.C. 1991) (adopting § 343A). However, even if a danger is open and obvious, a property owner owes a duty of care where the owner should reasonably anticipate that invitees may be distracted or will not discover the danger. *Callander*, 406 S.E.2d at 362-63.

We conclude that the district court correctly determined that the condition on the property was open and obvious. The photographs show a clear deformity in the curb. Although Hodges claimed that he was distracted by looking toward his car, he failed to present any evidence that Speedway itself placed a distraction, such as an advertisement or display of goods, that diverted his attention from the ground. *See* Restatement (Second) § 343A cmt. f, ill. 2. Moreover, Hodges presented no evidence that any Speedway employee was aware of any distraction, nor did Hodges present any evidence that Speedway anticipated that its customers would not look where they were stepping. *See Hancock v. Mid-South Mgmt. Co.*, 673 S.E.2d 801, 803 (S.C. 2009). And because

Speedway did not violate the duty of care, whether Speedway had notice of the condition is not material in this case. *See Staples v. Duell*, 494 S.E.2d 639, 642 (S.C. Ct. App. 1997).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4