2226

Kathleen BRAVIS and Charles Bravis, Appellants v. Peggy DUNBAR and Delta Air Lines, Inc., Defendants, of whom Delta Airlines, Inc. is Respondent.

(449 S.E. (2d) 495)

Court of Appeals

*Paul R. Hibbard,* of *Johnson, Smith, Hibbard & Wildman,* of Spartanburg, and *E. Graydon Shuford,* of *E. Graydon Shuford & Associates,* Georgia, *for appellants.*

*Denise C. Yarborough* and *George K. Lyall,* both of *Nelson, Mullins, Riley & Scarborough,* Greenville, *for respondent.*

Submitted Sept. 7, 1994.

Decided Sept. 19, 1994.

GOOLSBY, Judge:

In this action for negligence and loss of consortium, Kathleen and Charles Bravis sued Peggy Dunbar and Delta Air Lines, Inc. for injuries Kathleen Bravis received when Dunbar, a fellow passenger on Delta's flight, struck Bravis in the head while removing a suitcase from an overhead storage bin. Delta moved for summary judgment, and the trial court granted Delta's motion. The Bravises appeal. We affirm.[1]

Bravis and Dunbar were passengers on Delta's flight to Atlanta. When the flight stopped, Dunbar removed her suitcase from the overhead storage bin and placed it on the floor of the plane. She then noticed Bravis, who had been sitting one row behind Dunbar during the flight, was holding her head. Bravis told Dunbar the suitcase struck Bravis in the head as Bravis was exiting her window seat.

The Bravises alleged Delta was negligent and reckless: (1) in failing to warn passengers removing luggage from the overhead storage bins of the risk to fellow passengers, (2) in failing to offer assistance to passengers removing luggage, (3) in failing to take effective steps to insure Bravis's safe arrival in Atlanta, (4) in failing to provide a reasonably safe storage bin, and (5) in failing to exercise due and extraordinary care to prevent injury to Bravis.

Applying Georgia law,[2] the trial court noted that as a common carrier, Delta owed Bravis a duty to "exercise extraordinary diligence" for her safety. Ga. Code Ann. § 46-9-132 (Michie 1992); *Atlanta Transit System, Inc. v. Hines,* 138 Ga. App. 746, 227 S.E. (2d) 489 (1976). The trial court found, how-

---

[1] We decide this case without oral argument because we have determined oral argument would not aid the court in its decision.

[2] The trial court held Georgia law applied under the doctrine of *lex loci deliciti.* The Bravises do not challenge this ruling on appeal. Under the doctrine of *lex loci delicti,* "the substantive law is determined by the law of the state in which the injury occurred and procedural matters [such as summary judgment] by the law of the forum." *Thornton v. Cessna Aircraft Co.,* 886 F. (2d) 85, 87 (4th Cir. 1989).

ever, that there was no evidence Bravis had been injured by any "fault or lack of diligence of Delta."

> In deciding a Rule 56 motion, the Court must view the facts and inferences therefrom in the light most favorable to the nonmoving party. Summary judgment is appropriate only when the pleadings, depositions, interrogatory answers, admissions, and affidavits show that there is no genuine issue of material fact. A party opposing a properly supported motion for summary judgment, however, may not rest on the mere allegations or denials of his pleading, but must set forth or point to specific facts showing that there is a genuine issue of material fact. Thus, the existence of a mere scintilla of evidence in support of the nonmoving party's position is not sufficient to overcome a motion for summary judgment.

*Dickert v. Metropolitan Life Ins. Co.*, 306 S.C. 311, 313, 411 S.E. (2d) 672, 673 (Ct. App. 1991) (citations omitted), *rev'd in part on other grounds*, — S.C. —, 428 S.E. (2d) 700 (1993).

Relying on *Schwamb v. Delta Air Lines*, 516 So. (2d) 452 (La. Ct. App. 1987), the Bravises argue the trial court erred in granting summary judgment to Delta. We disagree, finding the *Schwamb* case distinguishable from the instant action.

In *Schwamb*, an airline passenger was struck in the head when a briefcase fell from an overhead storage bin. The appellate court affirmed the finding of negligence against Delta because the evidence showed the overhead storage bin was "overstuffed," the luggage stored within the overhead storage bin had become dislodged during the flight, and the flight attendants "did not specifically give a warning to passengers about the risk associated with improperly loaded or overstuffed bins" *Id.* at 463.

There is no suggestion here that the overhead storage bin was "overstuffed." Moreover, there is no evidence that Dunbar's luggage became dislodged during flight and fell from the overhead storage bin.[3] Finally, the flight attendants here twice warned the passengers to use care in removing items from the overhead storage bins because the items may have

---

[3] Dunbar stated in her deposition that she removed her suitcase from the overhead storage bin and placed it on the floor of the plane. Dunbar testified that she neither lost her grip on the suitcase nor dropped it.

shifted during flight. The flight attendants also offered the passengers assistance with their luggage.[4]

Further, the Bravises' expert, Harry Edmondson, admitted in his deposition that the door to the overhead bin had nothing to do with Bravis's injury. He testified there was no indication that the overhead storage bin did not meet FAA regulations. Edmondson also testified Dunbar's suitcase complied with Delta's weight restrictions for carry-on luggage.

Even when viewing the facts and inferences therefrom in the light most favorable to the Bravises, we find the evidence was not sufficient to overcome Delta's motion for summary judgment.

Affirmed.

SHAW, J., and HOWARD, Acting Judge, concur.

---

[4] When asked if she had heard the flight attendants making their announcements about the overhead storage bins, Bravis stated, "I really wasn't paying any attention to what they were saying about the overheads. . . . They may have said it. They may have not. I really don't remember." Dunbar was also unable to testify with certainty whether the flight attendants made the announcements regarding the overhead storage bins. In any event, although our research has not revealed a Georgia case on point, other jurisdictions have held a common carrier's duty to warn passengers of dangers "extends only to those dangers which are not aspparent and obvious to the passengers." *See* 13 C.J.S. *Carriers* § 507 at 458 (1990) (citing *Luby v. carnival cruise Lines*, 633 F. Supp. 40, 41 n. I (S.D.Fla. 1986), *aff'd*, 808 F. (2d) 60 (11th Cir. 1986)).