648 S.E.2d 307

**Annabelle SHELTON, Appellant,**

v.

**LS & K, INC., Respondent.**

**No. 4268.**

Court of Appeals of South Carolina.

Submitted April 2, 2007.
Decided June 28, 2007.

Rodney M. Brown, of Fountain Inn, for Appellant.

Phillip E. Reeves, of Greenville, for Respondent.

HEARN, C.J.:

Annabelle Shelton appeals the trial court's granting of summary judgment to LS & K, Inc., and its denial of Shelton's motion to reconsider. We affirm.

## FACTS

This case arises out of an accident that occurred on May 7, 2004 in front of a Burger King franchise owned and operated by respondent LS & K. The accident occurred when Jo Ann Suttles was exiting the parking lot to turn onto North Main Street in Fountain Inn, South Carolina. The driveway exit crossed a pedestrian sidewalk to reach the street.

Immediately prior to the accident, Suttles approached the parking lot exit and stopped her vehicle to wait for traffic to pass before making a right turn. Unbeknownst to Suttles, Annabelle Shelton was walking along the sidewalk to the right of Suttles' car. When the traffic cleared, Suttles started her right-turn and struck Shelton as she crossed the driveway on the sidewalk.

Shelton sustained a head injury and has no recollection of how the accident occurred. Officer R.E. Inman saw the accident as Shelton was struck by the car, but did not see any of the preceding events. There were no other witnesses.

The dispute in this case centers on a Bradford Pear tree which was located to Suttles' right as she exited the parking lot onto North Main. Suttles testified that she frequently visited the Burger King and was familiar with the parking lot and the location of the pear tree. Shelton maintains that the tree obscured Suttles' view of Shelton walking on the sidewalk. Shelton alleged that LS & K was negligent in failing to maintain its premises so that drivers exiting the parking lot had a clear view of pedestrians on the sidewalk.

Shelton filed her amended complaint in September of 2004, alleging that LS & K was negligent in the design of its landscaping and parking lot and causing and/or contributing to the accident. After discovery, LS & K moved for summary judgment, arguing no genuine issue of material fact existed as to the elements of negligence. The trial court granted its motion, finding Shelton did not provide evidence that LS & K breached any duty of care owed to her, and that she did not provide evidence of proximate cause. The trial court concluded Shelton failed to establish a prima facie case of negligence against LS & K, because she offered no expert testimony to establish the appropriate standard of care. This appeal followed.

## STANDARD OF REVIEW

Appellate courts review a grant of summary judgment under the same standard applied by the circuit court pursuant to Rule 56, SCRCP. *Lanham v. Blue Cross & Blue Shield of S.C., Inc.,* 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002). "Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* When reviewing the record, the evidence and all inferences which can be reasonably drawn therefrom are viewed in the light most favorable to the nonmoving party. *Id.* at 361–62, 563 S.E.2d 331. The existence of a mere scintilla of evidence in support of the nonmoving party's position is not sufficient to overcome a motion for summary judgment. *Bravis v. Dunbar,* 316 S.C. 263, 265, 449 S.E.2d 495, 496 (Ct.App.1994). The party seeking summary judgment has the burden of establishing the absence of a genuine issue of material fact. *McNair v. Rainsford,* 330 S.C. 332, 341, 499 S.E.2d 488, 493 (Ct.App.1998). With respect to an issue upon which the nonmoving party bears the burden of proof, this initial responsibility may be discharged by showing the trial court there is an absence of evidence to support the nonmoving party's case. *Id.*

## LAW/ANALYSIS

### I. Breached Duty of Care

Shelton first argues the court misapprehended her negligence claim as an allegation of negligent design, and therefore improperly ruled against her based upon lack of expert testimony. We disagree.

The trial court held there was no evidence to establish that LS & K breached any duty of care owed to the plaintiff because it found that negligence in the design and construction, as a matter of professional negligence, requires qualified expert testimony to establish both the standard of care for design and construction of the parking lot, and LS & K's deviation therefrom. Notably, Shelton conceded before the circuit court that the design of a parking lot is a matter not within the expertise of a layperson. Thus, because Shelton's only expert had no opinion relating to the design of the

parking lot or any other standard of care, the court concluded that Shelton presented no evidence of a breached duty of care.

On appeal, Shelton argues that it was never her position that the parking lot was designed improperly. However, Shelton's complaint and arguments at trial are at odds with this contention. Shelton's amended complaint alleges that LS & K was negligent in "[p]lacing inappropriate trees, shrubbery and landscaping around the driveway," and in "[f]ailing to appropriately delineate where the sidewalk was with any sort of lineage." Also, at the summary judgment hearing, Shelton argued to the trial court: "They designed the lot. They designed where the exit was. They designed where the tree was planted and they planted it." We find that these allegations and arguments did indeed contemplate a claim of negligence in the design. "It is well settled that one cannot present and try [her] case on one theory and then change [her] theory on appeal." *Gurganious v. City of Beaufort,* 317 S.C. 481, 488, 454 S.E.2d 912, 916 (Ct.App.1995).

Moreover, even if this was not a design defect case, we would affirm the trial court's grant of summary judgment. In deciding whether a defendant acted negligently, "[t]he court must determine, as a matter of law, whether the defendant owed the plaintiff a particular duty. If there is no duty, then the defendant in a negligence action is entitled to a judgment as a matter of law." *Underwood v. Coponen,* 367 S.C. 214, 217, 625 S.E.2d 236, 238 (Ct.App.2006). Here, Shelton failed to supply any evidence, expert or otherwise, regarding the proper placement and maintenance of trees in a commercial parking lot. Thus, based on the evidence presented, the visual obstruction caused by the tree was no different than an obstruction caused by a building or anything else encountered in daily life. We find that without any basis on which a jury might differentiate between those visual obstructions which are permissible and those which are not, a jury would have to engage in pure conjecture and speculation in deciding how LS & K should have designed or maintained its parking lot.[1]

---

1. South Carolina does recognize a duty of reasonable care on the part of urban landowners to inspect trees on their property and make sure they are safe. *Underwood v. Coponen,* 367 S.C. 214, 217, 625 S.E.2d

*Underwood v. Coponen* is factually a very similar case. In *Underwood,* the trial court granted summary judgment in favor of a defendant landowner whose tree obstructed a stop sign, thereby causing a motorist to be involved in a collision. 367 S.C. 214, 625 S.E.2d 236 (Ct.App.2006). The court of appeals affirmed summary judgment because Underwood failed to establish a legal duty on the part of the landowner to prevent his tree from causing such obstruction. Likewise, Shelton does not establish a legal duty on the part of LS & K to prevent the obstruction caused by the Bradford pear tree in this case.

Further, Shelton's own expert testified that Suttles had an unobstructed view twenty-five feet down the sidewalk to her right before she struck Shelton and that Shelton had an unobstructed view of the front of Suttles' vehicle from forty-five feet away. Shelton provided no evidence of how far a pedestrian and a driver should have been afforded unobstructed views at the parking lot exit, and she provided no evidence that these views were insufficient. *See Williams v. Lancaster County School Dist.,* 369 S.C. 293, 307, 631 S.E.2d 286, 294 (Ct.App.2006) (summary judgment upheld because of claimant's "inability to establish evidence to support the elements required under the claim").

■ Finally, landowners generally do not owe a duty to warn others of an open and obvious condition on the property. *See Denton v. Winn–Dixie Greenville, Inc.,* 312 S.C. 119, 121, 439 S.E.2d 292, 294 (Ct.App.1993) (affirming summary judgment in a negligence action where customer tripped over a shopping cart corral in a parking lot, reasoning corrals are common structures that a person taking reasonable care for her own safety would likely expect and see while on the premises). Absent any evidence that LS & K created an

---

236, 238 (Ct.App.2006). But this duty extends only to ensuring that a tree is not "unsound or defective." *Israel v. Carolina Bar–B–Que,* 292 S.C. 282, 288–90, 356 S.E.2d 123, 127–28 (Ct.App.1987) (holding an urban landowner liable for damage caused by a fallen limb because there was evidence that the owner saw or could have seen upon reasonable inspection that the tree was partially decayed). Because the only alleged defect of the tree was that it obscured Suttles' vision at some point before she reached the sidewalk, the Israel rule does not apply to these facts. *Underwood v. Coponen,* 367 S.C. 214, 218, 625 S.E.2d 236, 238 (Ct.App.2006).

unreasonably dangerous condition, there is no genuine issue of material fact and summary judgment is appropriate. *Garvin v. Bi–Lo, Inc.*, 343 S.C. 625, 629, 541 S.E.2d 831, 833 (2001). Because Shelton has failed to provide any evidence to establish how the presence of the tree was unreasonable, she failed to meet her burden of proof. Therefore, we find no error by the trial court in granting summary judgment.

## II. Proximate Cause

Second, Shelton argues that the court improperly ruled against her based on lack of evidence of proximate cause. Because we affirm summary judgment based on the duty of care and breach elements, we do not reach Shelton's second argument.

### CONCLUSION

Based on the undisputed facts of this case, viewed in the light most favorable to Shelton, we find that Shelton failed to present evidence of a duty on the part of LS & K, or that such a duty was breached. Based on the foregoing, the order of the trial court is

**AFFIRMED.**

GOOLSBY and STILWELL, JJ., concur.