673 S.E.2d 801

**Betty J. HANCOCK, Petitioner,**

v.

**MID–SOUTH MANAGEMENT CO., INC., Respondent.**

No. 26587.

Supreme Court of South Carolina.

Heard Nov. 5, 2008.

Decided Jan. 26, 2009.

Rehearing Denied March 18, 2009.

Eugene C. Griffith, Jr., of Rushing & Griffith, and Samuel M. Price, Jr., both of Newberry, for Petitioner.

Elizabeth M. Dalzell and Kirby D. Shealy, III, both of Baker, Ravenel & Bender, of Columbia, for Respondent.

Chief Justice TOAL:

In *Hancock v. Mid–South Management Co., Inc.*, the court of appeals affirmed the trial court's order granting summary judgment in favor of Respondent Mid–South Management Company. 370 S.C. 131, 634 S.E.2d 12 (Ct.App.2006). We granted a writ of certiorari to review that decision and now reverse.

## Factual/Procedural Background

Petitioner Betty J. Hancock filed a negligence action against Respondent after she tripped and fell in the parking lot of the office of *The Newberry Observer*, which is owned by Respondent. Petitioner alleged Respondent was negligent in failing to maintain a safe premises. Respondent moved for summary judgment, and at the hearing, the parties submitted deposition testimony from Petitioner and Petitioner's daughter-in-law (Daughter) and photographs of the parking lot. Although Petitioner could not identify the exact cause of her fall, she testified that she tripped on "a rock or something to that effect," "something raised up," and "broken asphalt." Daughter, who witnessed the fall, testified that Petitioner "tripped on that mess in front of the Observer." Additionally, Petitioner submitted an affidavit from a former employee who worked at the office of *The Newberry Observer* which provided that the employees were aware that the parking lot was in disrepair and that they had complained to management regarding the deteriorated state of the parking lot.

The trial court granted summary judgment in favor of Respondent finding that the change in the elevation in the parking lot caused Petitioner's fall, that the change in elevation was not a dangerous condition, and that even if it was a dangerous condition, Respondent had no duty to warn since the elevation change was an open and obvious condition. The court of appeals affirmed the trial court's ruling.

This Court granted certiorari to review the court of appeals' decision, and Petitioner presents the following issue for review:

Did the court of appeals err in affirming the circuit court's decision granting summary judgment?

## Standard of Review

■ Summary judgment is appropriate where there is no genuine issue of material fact and it is clear the moving party is entitled to a judgment as a matter of law. Rule 56(c), SCRCP. In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most

favorable to the nonmoving party. *Koester v. Carolina Rental Ctr.*, 313 S.C. 490, 493, 443 S.E.2d 392, 394 (1994).

## LAW/ANALYSIS

We first address Respondent's argument that Petitioner must present more than a mere scintilla of evidence to withstand a motion for summary judgment. The rule followed in the federal court system provides that "a 'mere scintilla of evidence' is not sufficient to withstand the challenge." *Rogers v. Norfolk Southern Corp.*, 356 S.C. 85, 92, 588 S.E.2d 87, 90 (2003), quoting *Crinkley v. Holiday Inns*, 844 F.2d 156, 160 (4th Cir.1988). We recognize that the court of appeals has been somewhat inconsistent on whether a mere scintilla of evidence will overcome a motion for summary judgment.[1] This Court, however, has consistently held that where the federal standard applies or where a heightened burden of proof is required, there must be more than a scintilla of evidence in order to defeat a motion for summary judgment.[2] Accordingly, we hold that in cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment. However, in cases requiring a heightened burden of proof or in cases applying federal law, we hold that the non-moving party must

1. In *Anders v. South Carolina Farm Bureau Mut. Ins. Co.*, the court of appeals stated that "[a]t the summary judgment stage of the proceedings, it [is] only necessary for the [nonmoving party] to submit a scintilla of evidence warranting determination by a jury." 307 S.C. 371, 375, 415 S.E.2d 406, 408 (Ct.App.1992). However, the court of appeals has also declared that [t]he existence of a mere scintilla of evidence in support of the nonmoving party's position is not sufficient to overcome a motion for summary judgment. *Shelton v. LS K, Inc.*, 374 S.C. 294, 297, 648 S.E.2d 307, 308 (Ct.App.2007); *see also Bravis v. Dunbar*, 316 S.C. 263, 265, 449 S.E.2d 495, 496 (Ct.App.1994).

2. *See Russell v. Wachovia Bank, N.A.*, 353 S.C. 208, 578 S.E.2d 329 (2003) (applying the unmistakable and convincing evidence standard in an undue influence case); *Whaley v. CSX Transp., Inc.*, 362 S.C. 456, 609 S.E.2d 286 (2005) (applying the federal heightened standard in a Federal Employers Liability Act suit); *and Fleming v. Rose*, 350 S.C. 488, 567 S.E.2d 857 (2002) (applying the clear and convincing standard of proof in a libel action brought by a public figure).

submit more than a mere scintilla of evidence to withstand a motion for summary judgment.[3]

Turning to the merits of the case, although the operator of a parking lot is not an insurer of the safety of those who use the lot, reasonable care must be used by the operator to keep the premises used by invitees in a reasonably safe condition. *Henderson v. St. Francis Community Hosp.*, 303 S.C. 177, 180, 399 S.E.2d 767, 768 (1990). However, a possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness. *Callander v. Charleston Doughnut Corp.*, 305 S.C. 123, 126, 406 S.E.2d 361, 362 (1991), adopting Restatement (Second) of Torts 343A, Known or Obvious Dangers (1965). .

In our view, the court of appeals erred in affirming the trial court's grant of summary judgment. Petitioner's testimony, Daughter's testimony, and the former employee's affidavit showed that the parking lot was in a state of disrepair. Thus, taken in a light most favorable to Petitioner, evidence shows that Respondent knew or should have known that a dangerous condition existed on its premises and that invitees would have to encounter this condition. *See Henderson*, 303 S.C. at 180, 399 S.E.2d at 769 (reversing the trial court's grant of a JNOV motion because the plaintiff presented evidence that a hospital failed to keep its parking lot reasonably safe).

Furthermore, the court of appeals erred in affirming the grant of summary judgment based on the finding that even if the parking lot contained a dangerous condition it was open and obvious. While a parking lot's state of disrepair may be considered open and obvious, a jury could determine that Respondent should have anticipated that such a condition may cause an invitee to fall and injure themselves. *See Creech v. South Carolina Wildlife and Marine Resources Dept.*, 328 S.C. 24, 491 S.E.2d 571 (1997) (holding that a dock without a guard rail on one side was an open and obvious condition, but that the defendant should have anticipated the harm); *Callan-*

---

**3.** We note that this appeal does not depend on whether a mere scintilla of evidence is sufficient to defeat a motion for summary judgment because Petitioner has presented more than a scintilla of evidence.

*der*, 305 S.C. at 126, 406 S.E.2d at 363 (holding that although a missing seat on a stool was an open and obvious condition, the owner should have anticipated the harm).

Accordingly, we hold the that the court of appeals erred in affirming the trial courts grant of summary judgment because a genuine issue of material facts exists regarding whether Petitioners injuries resulted from a dangerous condition and, if so, whether Respondent should have anticipated this type of harm.

## CONCLUSION

For the foregoing reasons, we reverse the decision of the court of appeals.

WALLER, PLEICONES, BEATTY, JJ., and Acting Justice JAMES E. MOORE, concur.