705 S.E.2d 20

**M & T GROUP, LLC, Respondent,**

v.

**PALMETTO POINT OF WILLIAMSTON, LLC, Jill L. Cox, individually and as Personal Representative of the Estate of John A. Cox, Appellants.**

No. 26910.

Supreme Court of South Carolina.

Heard Oct. 7, 2010.

Decided Jan. 7, 2011.

Rehearing Denied Feb. 2, 2011.

J. Calhoun Pruitt, Jr., of Pruitt & Pruitt, of Anderson, for Appellants.

Matthew P. Head, of Head Law Firm, of Greenville, and William S.F. Freeman, of Greenville, for Respondent.

Justice KITTREDGE.

This is a direct appeal from a grant of summary judgment to Respondent M & T Group, LLC. (M & T) in a breach of contract action. We reverse and remand for trial.

## I.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Rule 56(c), SCRCP; *see also Hancock v. Mid–South Mgmt. Co., Inc.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009) ("[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment."). Having carefully reviewed the record under the appropriate standard, we find a genuine issue of material fact exists.

## II.

On February 5, 2005, John Cox (John) conveyed the real property subject to this action to Palmetto Point of Williamston, LLC (Palmetto Point). John Cox was the sole shareholder and officer of Palmetto Point. John died intestate on May 10, 2006, leaving his wife, Jill Cox (Jill), and two minor children as his intestate heirs. Jill was appointed personal representative of John's estate on June 2, 2006.

On October 30, 2007, Jill, as personal representative of John's estate, entered into a contract for the sale of the land from Palmetto Point to M & T. As required by the agreement, M & T placed $50,000 in escrow towards the purchase as earnest money. Only one contract provision (addressing M & T's ability to obtain title insurance) is relevant in resolving this appeal. Section 5 of the contract provides:

The purchaser shall be under no obligation to purchase the Property from the Seller **unless the Purchaser can obtain from a nationally recognized title insurance company, at its regular rates, satisfactory title insurance for the subject property, insuring that the title is marketable.** Purchaser shall have 30 days from the date hereof to notify Seller of any **reasonable objections** to the state of the title

to the Property ... If Purchaser makes any objections to title, Seller shall have the option to take the necessary steps to correct such objection ... If Seller elects not to correct such objection(s), and so notifies purchaser, Purchaser shall have fifteen (15) days from the date of notice ... to continue the terms of this contract with the title "as is" or to terminate all terms and conditions of this agreement and receive a full refund of all monies paid hereunder, and neither party shall have any further liability hereunder. (Emphasis added.)

On November 28, 2007, Matthew Head (Head), counsel for M & T, timely sent a letter to Calhoun Pruitt (Pruitt), counsel for Palmetto Point pursuant to section 5 of the contract. In the November 28 letter, Head outlined numerous objections, and one objection concerned Jill's authority to sell the property. On December 14, M & T sought to cancel the sale and obtain the return of the earnest money. Nevertheless, Head and Pruitt continued discussions, especially Jill's authority and concomitantly M & T's ability to acquire title insurance. On January 15, 2008, the underwriting counsel at Head's title company sent an email to Head, outlining his concerns over the ability to issue title insurance.

Pruitt responded by offering to issue title insurance to M & T. M & T refused and declared the contract terminated. When Palmetto Point refused to refund the earnest money, M & T filed this action. The trial court granted M & T summary judgment on the basis that its objections were reasonable and that, pursuant to the contract, the "seller ... [failed to] take the necessary steps to correct such objection." This appeal followed.

### III.

While M & T's position may prevail at trial, the record before us presents a genuine issue of material fact and precludes summary judgment.

That M & T was concerned about acquiring good title and title insurance is undeniable. In the November 28, 2007, letter to Pruitt, Head wrote that "my client is ... highly concerned about receiving good title to the property and whether the title is insurable." The record, however, contains

evidence that title insurance was available. Ray L. Derrick, Underwriting and Claims Counsel for the Security Title Guarantee Corporation of Baltimore, Maryland, submitted an affidavit that the title was insurable. Furthermore, Pruitt testified that he would have issued title insurance to M & T for the amount of the purchase price. M & T countered this evidence with a memorandum from its title insurance company stating title insurance was not available. Whether the seller took the "necessary steps to correct such objection" is a question of fact.

Therefore, we reverse the order granting summary judgment and remand for trial.[1]

**REVERSED AND REMANDED.**

TOAL, C.J., PLEICONES, BEATTY and HEARN, JJ., concur.

---

1. We do not reach the remaining issues.