**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The Retreat at Edisto Co-owners Association, Inc., Gerald Bachelor, Lisa Bachelor, James Currell, Rose Marie Currell, Jervey McKelvey, Barry Smith, Joseph Zuyus, and Emily Zuyus, Plaintiffs,

Of whom The Retreat at Edisto Co-owners Association, Inc., Gerald Bachelor, Lisa Bachelor, James Currell, Rose Marie Currell, Jervey McKelvey, and Barry Smith are Respondents,

v.

The Retreat at Edisto, LLC, W. Mark, Steedley, individually, Terry Hoff d/b/a Terry Hoff Construction, Handcrafted Homes, LLC, G&S Supply Co., Georgia-Pacific Building Products, LLC, Georgia-Pacific Wood Products, LLC, General PreCast Manufacturing Co., Banks Construction Company, and Stroble Site Services, LLC, Defendants,

Of whom The Retreat at Edisto, LLC is the Appellant.
———

G & S Supply Co., Inc., Third-Party Plaintiff,

v.

James Pritchard d/b/a Low Country Exteriors and Edson A. Barros d/b/a Sunshine Vinyl Siding, Third-Party Defendants.

Appeal From Colleton County
Carmen T. Mullen, Circuit Court Judge

Unpublished Opinion No. 2012-UP-558
Heard October 2, 2012 – Filed October 24, 2012

**REVERSED and REMANDED**

David K. Haller, of Haller Law Firm, PC, of Charleston,
for Appellant.

W.H. Bundy, Jr., and M. Brent McDonald, both of Smith,
Bundy, Bybee & Barnett, of Mount Pleasant, for
Respondents.

**PER CURIAM:** In this construction defect case, Appellant, The Retreat at Edisto,
LLC (Developer), seeks review of the circuit court's order granting partial
summary judgment to Respondents, The Retreat at Edisto Co-owners Association,
Inc. and several individual condominium owners (collectively, Respondents).
Developer challenges the circuit court's interpretation of an amendment to the
Master Deed for The Retreat at Edisto Horizontal Property Regime. We reverse.

Rule 56(c), SCRCP, provides that summary judgment shall be granted when "the
pleadings, depositions, answers to interrogatories, and admissions on file, together
with the affidavits, if any, show that there is no genuine issue as to any material
fact and that the moving party is entitled to a judgment as a matter of law."

Here, the circuit court ruled as a matter of law that Developer's "First Amendment"
to the Master Deed required Developer to satisfy the provisions in the paragraph
labeled "Master Deed Amendment for Phase II" as a condition precedent to its
election to proceed with the development of Phase II. The circuit court also stated,
"the Defendant/Developer gave itself the deadline of July 31, 2005 to complete the

conditions precedent required in order to develop Phase II."  We do not view the question of Developer's intent at the time it executed the First Amendment as a question of law.

Rather, we hold that the language of the First Amendment to the Master Deed is susceptible to more than one interpretation, and, thus, it is ambiguous.  *See S.C. Dep't of Natural Res. v. Town of McClellanville*, 345 S.C. 617, 623, 550 S.E.2d 299, 302 (2001) (applying rules of contract construction to a restrictive covenant in a deed and stating that a contract is ambiguous when its terms are reasonably susceptible to more than one interpretation).  Therefore, the interpretation of the First Amendment is a matter for the finder of fact.  *See id.* at 623, 550 S.E.2d at 303 (holding that once the court decides the language of the instrument is ambiguous, evidence may be admitted to show the grantor's intent, the determination of which is then a question of fact).

Further, viewing the evidence in the light most favorable to Developer, we hold that Developer presented the requisite scintilla of evidence on the question of its intent in order to establish a genuine issue of material fact and, thereby, withstand summary judgment.  *See Hancock v. Mid-South Mgmt. Co.*, 381 S.C. 326, 329-30, 673 S.E.2d 801, 802 (2009) ("In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party."); *id.* at 330, 673 S.E.2d at 803 ("[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment.").

Accordingly, we reverse the circuit court's grant of partial summary judgment to Respondents and remand the case to the circuit court for further proceedings.

**REVERSED and REMANDED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**