**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joseph C. Sun, Appellant,

v.

Marshall L. Horton and Richard Ulbrich, Respondents.

Appellate Case No. 2014-001747

———————

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

———————

Unpublished Opinion No. 2016-UP-429
Submitted September 1, 2016 – Filed October 19, 2016

———————

**AFFIRMED**

———————

Joseph C. Sun, of Bluffton, pro se.

Lindsay Yoas Goodman, of Horton & Goodman, LLC, of Bluffton, for Respondent Richard Ulbrich.

Gregory Michael Galvin, of Galvin Law Group, of Bluffton, for Respondent Marshall L. Horton.

———————

**PER CURIAM:** Joseph C. Sun appeals the master-in-equity's order granting Marshall Horton and Richard Ulbrich's (collectively Respondents') motion for

summary judgment. On appeal, Sun argues the master-in-equity erred by (1) failing to rule on Sun's allegations of fraud against Horton and the allegations of criminal trespassing, invasion of privacy, and destruction of personal property against Horton and Ulbrich; (2) dismissing the compliant against Horton; and (3) dismissing the complaint against Ulbrich. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Sun's claims against Horton: Rule 56(e), SCRCP (providing summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law); *Bank of New York v. Sumter Cty.*, 387 S.C. 147, 155, 691 S.E.2d 473, 477 (2010) ("On review of an order granting summary judgment, the appellate court applies the same standard as that used by [the] trial court."); *Hancock v. Mid-S. Mgmt. Co.*, 381 S.C. 326, 329-30, 673 S.E.2d 801, 802 (2009) ("[E]vidence must be viewed in the light most favorable to the nonmoving party."); *id.* at 330, 673 S.E.2d at 803 ("[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment."); *Miller v. Blumenthal Mills, Inc.*, 365 S.C. 204, 220, 616 S.E.2d 722, 730 (Ct. App. 2005) ("Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings."); *id.* ("[T]he nonmoving party must come forward with specific facts showing there is a genuine issue for trial."); *Fleming v. Asbill*, 326 S.C. 49, 57, 483 S.E.2d 751, 755 (1997) ("[P]rivate persons appointed as guardians ad litem [GALs] in private custody proceedings are afforded immunity for acts performed within the scope of their appointment."); *Falk v. Sadler*, 341 S.C. 281, 288, 533 S.E.2d 350, 353-54 (Ct. App. 2000) ("It is the nature of the acts, not simply the status of the defendant as a [GAL], that determines the availability of immunity for the challenged acts and the extent of protection afforded by that immunity.").[1]

---

[1] As to Sun's arguments regarding Horton's service as a GAL, we find they are the law of the case. *See Hooper v. Rockwell*, 334 S.C. 281, 300, 513 S.E.2d 358, 368 (1999) (finding an unchallenged ruling by the family court becomes the law of the case). Additionally, we find Sun's argument that the master-in-equity erred by allowing Respondents to submit affidavits beyond the ten day requirement provided by Rule 56, SCRCP is unpreserved. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24 n.4, 602 S.E.2d 772, 780 n.4 (2004) ("If the losing party has raised

2. As to Sun's claims against Ulbrich: *Miller*, 365 S.C. at 220, 616 S.E.2d at 730 ("Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings."); Rule 4(d)(1), SCRCP (providing service can be made upon an individual by delivering a copy of the summons and complaint to him personally).

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review . . . .").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.