**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jacqueline Buie, Appellant,

v.

Walmart Stores East, Respondent.

Appellate Case No. 2016-000982

———————

Appeal From Florence County
Thomas A. Russo, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-042
Submitted November 1, 2017 – Filed January 31, 2018

———————

**AFFIRMED**

———————

Ralph James Wilson, Jr., of Ralph Wilson Law PC, of Conway, for Appellant.

Regina Hollins Lewis and Lee Ellen Bagley, both of Gaffney Lewis & Edwards, LLC, of Columbia, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Bovain v. Canal Ins.*, 383 S.C. 100, 105, 678 S.E.2d 422, 424 (2009) ("An appellate court reviews the granting of summary judgment under the same standard applied by the trial court under Rule 56(c), SCRCP."); *id.* ("Rule 56(c)[,

SCRCP,] provides that a trial court may grant a motion for summary judgment 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"); *Hancock v. Mid-South Mgmt. Co.*, 381 S.C. 326, 329-30, 673 S.E.2d 801, 802 (2009) ("In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party."); *Holtzscheiter v. Thomson Newspapers, Inc.*, 332 S.C. 502, 511, 506 S.E.2d 497, 502 (1998) ("[S]lander is actionable *per se* only if it charges the plaintiff with one of five types of acts or characteristics: (1) commission of a crime of moral turpitude; (2) contraction of a loathsome disease; (3) adultery; (4) unchastity; or (5) unfitness in one's business or profession."); *Swinton Creek Nursery v. Edisto Farm Credit, ACA*, 334 S.C. 469, 484, 514 S.E.2d 126, 134 (1999) ("In a defamation action, the defendant may assert the affirmative defense of conditional or qualified privilege. Under this defense, one who publishes defamatory matter concerning another is not liable for the publication if (1) the matter is published upon an occasion that makes it conditionally privileged, and (2) the privilege is not abused."); *Conwell v. Spur Oil Co. of W. S.C.*, 240 S.C. 170, 178, 125 S.E.2d 270, 274-75 (1962) ("The essential elements of a conditionally privileged communication may accordingly be enumerated as good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only." (quoting 33 Am. Jur. *Libel and Slander* § 126)); *Swinton Creek*, 334 S.C. at 484, 514 S.E.2d at 134 ("Where the occasion gives rise to a qualified privilege, there is a prima facie presumption to rebut the inference of malice, and the burden is on the plaintiff to show actual malice or that the scope of the privilege has been exceeded.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.