**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

James R. Brady, Respondent,

v.

Hilton Head Homes at Allenwood, LLC, Village Square Development Company, LLC, Lancaster Redevelopment Corp., and Gary L. Grossman, Appellants.

Appellate Case No. 2019-000200

———

Appeal From Beaufort County
J. Mark Hayes, II, Circuit Court Judge

———

Unpublished Opinion No. 2022-UP-105
Submitted December 1, 2021 – Filed March 9, 2022

———

**AFFIRMED**

———

George Hamlin O'Kelley, III, of Buist Byars & Taylor, LLC, of Mt. Pleasant, for Appellants.

Glynn Lindsey Capell, of Bluffton, and Charles Whaley Thomson, of Charleston, both of Capell Thomson, LLC, for Respondent.

———

**PER CURIAM:** In this civil matter, Hilton Head Homes at Allenwood, LLC, Village Square Development Company, LLC, Lancaster Redevelopment

Corporation, and Gary Grossman (collectively, Appellants) challenge the trial court's order granting James Brady's motion for summary judgment regarding Appellants' counterclaims. We affirm.

After viewing the evidence in a light most favorable to Appellants, we find the trial court did not err in granting Brady's motion for summary judgment on Appellants' counterclaims for breach of contract and unjust enrichment as no evidence submitted to this court creates a genuine issue of material fact. *See Lanham v. Blue Cross & Blue Shield of S.C., Inc.*, 349 S.C. 356, 361, 563 S.E.2d 331, 333 (2002) ("An appellate court reviews a grant of summary judgment under the same standard applied by the trial court pursuant to Rule 56, SCRCP."); *id.* at 361–62, 563 S.E.2d at 333 ("In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the nonmoving party."). Here, the 2004 letter (2004 Agreement) that Appellants wrote Brady constituted their contract and outlined the terms of the agreement between the parties; Appellants did not point to any specific terms within the contract to prove Brady breached the contract, nor did they provide evidence to support an equitable claim of unjust enrichment. Next, through an affidavit, Brady swore that Appellants owe him money for work performed under the 2004 Agreement. The affidavit also stated that the payments Appellants made to him were not loans or advances as they claimed and that all the money he owed to third-party contractors was accounted for. Appellants did not submit any affidavits or other evidence to rebut Brady's affidavit.

Finally, Appellants relied almost exclusively on Ginger Griffith's[1] deposition and a letter she wrote to Brady in 2007 (2007 Letter) to support their counterclaims. In their brief, Appellants make general statements that Griffith's testimony alone is sufficient to overcome a motion for summary judgment without pointing to specific testimony to buttress their claims. If Appellants point to any specific testimony, they point to only Griffith's cross-examination by Appellants' counsel whereby she explains the circumstances surrounding Appellants' failure to pay Brady—the issue of how fees were to be paid, the difficult housing market in 2007, the housing inventory, and foreclosure threats from banks. Nothing Appellants point to in the record provides a scintilla of evidence that supports a finding that Brady breached the contract or was unjustly enriched by payments already made to him. *See Hancock v. Mid-South Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801,

---

[1] Griffith was Appellants' treasurer and accountant. Under the 2004 Agreement, Appellants were to perform all accounting and debt management in office, meaning Griffith would be in charge of all accounting pertaining to the projects.

803 (2009) ("[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment.").

To the contrary, Griffith's testimony and the 2007 Letter show that Appellants owe Brady $711,027. Griffith admitted during her deposition that the total amount due to Brady was the $711,027 listed in the 2007 Letter, that the letter accounted for all debts Brady owed to Appellants for third-party contractors' fees, and that the total figure owed to Brady was based on duties he had already performed under the 2004 Agreement. Griffith explicitly testified that Brady did not owe third-party contractors any money and he did not employ other parties to help construct or sell the homes after the 2007 Letter was written. Because Appellants failed to rebut Brady's affidavit or point to any evidence in the record that supports their counterclaims, we find further inquiry into the facts surrounding Appellants' counterclaims is not required to clarify the application of the law. *See Lanham*, 349 S.C. at 362, 563 S.E.2d at 333 ("Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law."). Thus, we hold the trial court did not err in granting Brady's motion for summary judgment.

**CONCLUSION**

Based on the foregoing, the trial court's order is

**AFFIRMED.**[2]

**WILLIAMS, C.J., MCDONALD, J., and LOCKEMY, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.