# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The Kitchen Planners, LLC, Petitioner,

v.

Samuel E. Friedman and Jane Breyer Friedman and Branch Banking and Trust, Respondents.

Appellate Case No. 2020-001669

―――――――

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

―――――――

Appeal from Richland County
Robert E. Hood, Circuit Court Judge

―――――――

Opinion No. 28173
Submitted April 17, 2023 – Filed August 23, 2023

―――――――

## AFFIRMED AS MODIFIED

―――――――

Christopher P. Kenney, of Columbia, Petitioner.[1]

Charles A. Krawczyk, of Finkel Law Firm LLC, of Columbia for Respondents.

―――――――

[1] Petitioner's brief was prepared and filed by the late Jean Perrin Derrick of Lexington prior to her unfortunate death in January, just as this Court was initially preparing to consider this case.

**JUSTICE FEW:**  The Kitchen Planners, LLC, filed a petition for a writ of certiorari asking this Court to review the court of appeals' decision in *Kitchen Planners, LLC v. Friedman*, 432 S.C. 267, 851 S.E.2d 724 (Ct. App. 2020).  In that decision, the court of appeals affirmed the circuit court's order granting summary judgment to the Friedmans and dissolving Kitchen Planners' mechanic's lien.  We granted Kitchen Planners' petition in part and now affirm as modified.  As we will explain, the court of appeals incorrectly applied the wrong standard of decision for a motion for summary judgment when the motion is based on insufficiency of the evidence. Reviewing the circuit court's order using the correct standard of decision, however, we nevertheless find the court of appeals reached the correct result in affirming the summary judgment.[2]

The court of appeals' opinion contains an exhaustive recitation of the facts.  432 S.C. at 271-74, 851 S.E.2d at 726-28.  Of importance, the Friedmans contracted with Kitchen Planners to procure cabinets manufactured by Crystal Cabinets and install the cabinets in the Friedmans' home.  When Kitchen Planners delivered the cabinets, the Friedmans refused to accept them and refused to pay the final one-third of the contract price.  Kitchen Planners attempted to perfect its mechanic's lien[3] by serving on the Friedmans "a statement of a just and true account of the amount due" as required by section 29-5-90 of the South Carolina Code (2007).  Kitchen Planners then filed this action to enforce the lien.

The Friedmans filed a motion for summary judgment contending Kitchen Planners failed to perfect its lien because it did not serve the section 29-5-90 "statement"

---

[2] We find "oral argument would not aid the court in resolving the issues" before us and thus consider this case without oral argument pursuant to Rule 215, SCACR.

[3] A mechanic's lien arises automatically from the performance of work or the provision of materials.  *See* S.C. Code Ann. § 29-5-10(a) (2007) ("A person to whom a debt is due for labor performed or furnished or for materials furnished . . . in the erection, alteration, or repair of a building or structure upon real estate . . . shall have a lien upon the building or structure . . . to secure the payment of the debt due to him."); S.C. Code Ann. § 29-5-20(A) (2007) ("Every laborer, mechanic, subcontractor, or person furnishing material for the improvement of real estate when the improvement has been authorized by the owner has a lien thereon . . . to the value of the labor or material so furnished . . . .").

within ninety days as required by the section. *See id.* ("Such a lien shall be dissolved unless the person desiring to avail himself thereof, within ninety days after he ceases to labor on or furnish labor or materials for such building or structure, serves upon the owner . . . a statement of a just and true account of the amount due . . . ."). The circuit court agreed and granted the motion for summary judgment.[4]

Rule 56(c) of the South Carolina Rules of Civil Procedure provides that the moving party is entitled to summary judgment "if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." To survive the Friedmans' motion, Kitchen Planners was required by Rule 56(c) to present evidence that it perfected its lien by serving the section 29-5-90 statement on the Friedmans "within ninety days after [Kitchen Planners] cease[d] to labor on or furnish labor or materials for such building or structure." § 29-5-90. Sufficient evidence that Kitchen Planners timely served the statement would have established a "genuine issue [of] material fact" as to whether it perfected the lien. Whether Kitchen Planners presented sufficient evidence to create a genuine issue of material fact that it met the ninety-day deadline for serving the section 29-5-90 statement is the sole issue before the Court.

The following dates are important. The cabinets were delivered to the Friedmans' home on May 20, 2015. Kitchen Planners' sole member—Patricia Comose—accompanied an installer to the Friedmans' home on May 21 for the purpose of installing the cabinets. The cabinets were not installed. On June 18, a Crystal Cabinets representative informed Comose the Friedmans did not want Comose involved any further. According to Comose, "In mid-June 2015 I was taken off the job." On August 18, the Crystal Cabinets representative emailed Comose telling her Crystal Cabinets had also been removed from the job. "We've been fired," the email stated, "Everything is done." On September 29, Comose wrote a check for $550.61 to pay for parts of the cabinets she ordered on an unknown previous date. Kitchen Planners served the section 29-5-90 statement on the Friedmans on November 17, 2015. Ninety days before November 17 is August 19.

---

[4] The court of appeals addressed issues other than timeliness. However, none of those issues were necessary for the court of appeals to address to affirm the order granting summary judgment. In light of our holding the circuit court properly granted the Friedmans' motion for summary judgment on the ground Kitchen Planners did not serve the section 29-5-90 statement within ninety days, and thus did not perfect its lien, we also need not address any other issues.

In the section of its opinion entitled "Standard of Review," the court of appeals stated, "[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment." 432 S.C. at 275, 851 S.E.2d at 729 (alteration in original) (quoting *Hancock v. Mid-S. Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009)). As we explain below, Comose's statement she wrote a check on September 29 to pay for parts of the Friedmans' cabinets is a scintilla of evidence the November 17 service of the section 29-5-90 statement was "within ninety days after [Kitchen Planners] cease[d] to labor on or furnish labor or materials." Applying the so-called "mere scintilla" standard, therefore, the court of appeals should have reversed the order granting summary judgment. As we now clarify, however, the "mere scintilla" standard is not the correct standard for decision under Rule 56(c).

Rule 56(c) became effective in 1985. Rule 86(a), SCRCP.[5] In most cases applying Rule 56(c), this Court and our court of appeals have applied the "genuine issue of material fact" standard set forth in the Rule, requiring the party opposing the motion show a "reasonable inference" to be drawn from the evidence, and we have rejected the "mere scintilla" standard. *See, e.g.*, *Vaughan v. Town of Lyman*, 370 S.C. 436, 448, 635 S.E.2d 631, 638 (2006) (reversing an award of summary judgment and stating "the evidence is susceptible to more than one reasonable inference, and therefore should be submitted to the jury"); *Russell v. Wachovia Bank, N.A.*, 353 S.C. 208, 219 n.4, 578 S.E.2d 329, 334 n.4 (2003) ("The standard for summary judgment 'mirrors the standard for a directed verdict under Rule 50(a)' [SCRCP]."[6] (quoting *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 115, 410 S.E.2d 537, 545 (1991))); *Baughman*, 306 S.C. at 115, 410 S.E.2d at 545 (holding a party opposing summary judgment "must . . . 'do more than simply show that there is some metaphysical doubt as to the material facts' but 'must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89

---

[5] *See also* Rule 44, *Rules of Practice for the Circuit Courts of South Carolina*, 1962 S.C. Code Ann., Vol. 15 (Supp. 1975) (adopted 1969; repealed 1985) (stating the "genuine issue [of] material fact" standard for summary judgment motions based on insufficiency of the evidence).

[6] The standard for directed verdict under Rule 50(a) requires the evidence support a "reasonable inference" in favor of the non-moving party. *Mullinax v. J.M. Brown Amusement Co.*, 333 S.C. 89, 92, 508 S.E.2d 848, 849 (1998).

L. Ed. 2d 538, 552 (1986));[7] *Shelton v. LS & K, Inc.*, 374 S.C. 294, 297, 648 S.E.2d 307, 308 (Ct. App. 2007) ("The existence of a mere scintilla of evidence in support of the nonmoving party's position is not sufficient to overcome a motion for summary judgment." (citing *Bravis v. Dunbar*, 316 S.C. 263, 265, 449 S.E.2d 495, 496 (Ct. App. 1994))); *Dickert v. Metro. Life Ins. Co.*, 306 S.C. 311, 313, 411 S.E.2d 672, 673 (Ct. App. 1991), *rev'd in part on other grounds*, 311 S.C. 218, 428 S.E.2d 700 (1993) (stating "the existence of a mere scintilla of evidence in support of the nonmoving party's position is not sufficient to overcome a motion for summary judgment" (citing *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512, 91 L. Ed. 2d at 214 )).[8] *But see Anders v. S.C. Farm Bureau Mut. Ins. Co.*, 307 S.C. 371, 375, 415 S.E.2d 406, 408 (Ct. App. 1992) ("At the summary judgment stage of the proceeding, it was only necessary for the Defendant to submit a scintilla of evidence warranting a determination by the jury." (citing nothing)).

In 2009 in *Hancock*, however, this Court made the statement quoted by the court of appeals in this case, "that in cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment." 381 S.C. at 330, 673 S.E.2d at 803. In other cases even after *Hancock*, we continued to impose the "genuine issue of material fact" and "reasonable inference" standard that appears inconsistent

---

[7] The *Baughman* Court also cited *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202, 213 (1986). 306 S.C. at 115, 410 S.E.2d at 545. In *Anderson* and *Matsushita*, the Supreme Court of the United States rejected the "mere scintilla" standard for Rule 56, Fed. R. Civ. P., *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512, 91 L. Ed. 2d at 214, and held "the issue of fact must be 'genuine,'" meaning "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*,'" *Matsushita*, 475 U.S. at 586-87, 106 S. Ct. at 1356, 89 L. Ed. 2d at 552 (quoting Rule 56, Fed. R. Civ. P.).

[8] In *Dickert*, the court of appeals found "the circuit court correctly decided this issue" and "direct[ed] the circuit court's order to be printed, with minor deletions, as the opinion of this Court." 306 S.C. at 313, 411 S.E.2d at 673. We find it significant that the circuit judge whose order became the opinion of the court of appeals was retired Chief Justice C. Bruce Littlejohn, sitting by designation as a special circuit judge. Chief Justice Littlejohn served as Chief Justice of this Court in January 1985 when the Court submitted the new Rules of Civil Procedure—including Rule 56(c)—to the General Assembly. Bruce Littlejohn, LITTLEJOHN'S HALF CENTURY AT THE BENCH AND BAR (1936-1986) 168 (1987).

with the "mere scintilla" standard *Hancock* purported to set. *See Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013) (stating as to the summary judgment standard "it is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine"); *see also Callawassie Island Members Club, Inc. v. Martin*, 437 S.C. 148, 157, 877 S.E.2d 341, 345 (2022) (stating as to a motion for summary judgment, "When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party." (quoting *Fleming v. Rose*, 350 S.C. 488, 493-94, 567 S.E.2d 857, 860 (2002))); *Bluestein v. Town of Sullivan's Island*, 429 S.C. 458, 462, 839 S.E.2d 879, 881 (2020) (same); *Bell v. Progressive Direct Ins. Co.*, 407 S.C. 565, 576, 757 S.E.2d 399, 404 (2014) (reciting the "mere scintilla" standard from *Hancock*, but stating, "Nevertheless, 'when the evidence is susceptible of only one reasonable interpretation, summary judgment may be granted.'" (quoting *Brooks v. Northwood Little League, Inc.*, 327 S.C. 400, 403, 489 S.E.2d 647, 648 (Ct. App. 1997))).

We acknowledge there may be disagreement as to whether the "mere scintilla" standard is inconsistent with the Rule 56(c) "genuine issue [of] material fact" standard. *See Taylor v. Atl. Coast Line R. Co.*, 78 S.C. 552, 556, 59 S.E. 641, 643 (1907) ("A *scintilla* of evidence is any material evidence that if true would tend to establish the issue in the mind of a reasonable juror."). The position that the two standards are the same would explain this Court's recitation of both at various times since 1985. In the minds of many, however, the standards are inconsistent. *See Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512, 91 L. Ed. 2d at 214 (rejecting the mere scintilla standard for Rule 56, Fed. R. Civ. P., and stating, "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff"); *see also Bethea v. Floyd*, 177 S.C. 521, 529, 181 S.E. 721, 724 (1935) ("Saying that there 'may be a *scintilla* of evidence' to go to the jury . . . is certainly a very weak contention. 'Scintilla' means. . . 'a gleam,' 'a glimmer,' 'a spark,' 'the least particle,' 'the smallest trace.'" (quoting 56 Corpus Juris 863-64 (1932))); *Rogers v. Norfolk S. Corp.*, 356 S.C. 85, 95, 588 S.E.2d 87, 92 (2003) (Burnett, J., dissenting) ("A scintilla is defined as 'a trace' of evidence." (quoting *Scintilla*, BLACK'S LAW DICTIONARY (7th ed. 1999))).

We now clarify that the "mere scintilla" standard does not apply under Rule 56(c). Rather, the proper standard is the "genuine issue of material fact" standard set forth in the text of the Rule. As we stated in *Town of Hollywood v. Floyd*, "it is not sufficient for a party to create an inference that is not reasonable or an issue of fact

that is not genuine." 403 S.C. at 477, 744 S.E.2d at 166.  To the extent what we said in *Hancock* is inconsistent with our decision today, *Hancock* is overruled.

Turning back to the evidence Kitchen Planners presented in this case, and analyzing that evidence using the proper standard for decision, we find Kitchen Planners failed to show the existence of a genuine issue of material fact.  Kitchen Planners served the section 29-5-90 statement on November 17.  The only event within ninety days before November 17 is the September 29 check Comose wrote to pay for cabinet parts she previously ordered.  Ordering parts for the cabinets may very well qualify as "to labor on or furnish labor or materials for" under section 29-5-90, and if that event occurred within ninety days of serving the section 29-5-90 statement, the statement would have been timely and the lien perfected.  Writing a check to pay for parts previously ordered, however, does not qualify as "to labor on or furnish labor or materials for."  While the writing of the check on September 29 is some evidence—a scintilla—of when she ordered the parts, it does not provide a meaningful factual basis on which a factfinder could determine if the parts were ordered within or before the ninety-day time frame.  Comose specifically testified she did not remember why she wrote the check on September 29, and she did not know the date the parts were ordered.  The writing of the check on September 29 does not create a reasonable inference that she ordered the parts within ninety days of the service of the section 29-5-90 statement.  Thus, the factfinder would be required to speculate to determine whether Kitchen Planners perfected its lien in a timely manner.  Under this circumstance, Kitchen Planners failed to establish a genuine issue of material fact, and the Friedmans were entitled to summary judgment as a matter of law.

**AFFIRMED AS MODIFIED.**

**BEATTY, C.J., KITTREDGE, JAMES, JJ., and Acting Justice Kaye G. Hearn, concur.**